PRICE, Respondent, v. PAGE & BACON, Appellants.

1. The withdrawal of an answer, when a case is called for trial, is an admission of the traversable allegations of the petition.
2. Judicial notice will be taken of the fact that the state of Missouri is east of the Rocky mountains.
3. The drawer of a bill of exchange is liable, in case of non-payment, according to the law of the place where the bill is drawn.

*Appeal from St. Louis Circuit Court.*

This was a suit against defendants as drawers of two bills of exchange, drawn in the state of California on Page & Bacon, at St. Louis, Mo. The bills were payable at sight, and were duly presented for payment and protested for non-payment. Due notice was given. The petition set forth the above facts,

and also set forth that by an act of the legislature of California of April 16th, A. D. 1850, "the rate of damages to be allowed and paid upon the usual protest for non-payment of bills of exchange, drawn within said state upon any person or persons in any of the United States east of the Rocky mountains, is fifteen dollars upon the hundred upon the principal sum specified in said bill, and the holder of such bill is also entitled to demand and recover lawful interest (at ten per cent.) upon the aggregate amount of the principal sum specified in such bill, and the damages thereon from the time at which protest for non-payment shall have been given."

Defendants put in an answer denying all the material allegations of the petition. When the case was called for trial, the defendants moved for a continuance, for the reason that the plaintiff had not, as required by rule of court, filed an abstract of the issues to be tried two days before the cause was set for trial. This motion was overruled, and the court required the defendant to go into the trial of the cause forthwith. Defendants then withdrew their answer, and the plaintiff submitted the cause to the court upon the petition and the bills of exchange and the endorsements thereon. The court gave judgment for the plaintiff for $15,888 96, which sum includes fifteen per cent. damages, and interest on the principal sum, and damages at ten per cent.

*N. D. & G. P. Strong*, for appellants.

I. The recovery of fifteen per cent. damages, under the statute of California, was contingent upon the part of the residence of the drawers being east of the Rocky mountains; and there is no allegation or proof of that fact; nor is it a fact of which the court could take judicial notice. (1 Greenl. Ev. 4, 5, 6.)

II. The answer having been withdrawn, the case stood as upon a default; and the existence of the California statutes, alleged in the petition of plaintiff, the amount of damages and interest claimable under those statutes should have been proven.

The default was no confession of the amount claimed. No such proof was exhibited.

III. The bill was payable in Missouri, and the plaintiff was entitled to such interest only as is payable under the laws of Missouri. (19 Mo. 651 ; Story's Conf. of Laws, § 291 ; 2 Kent, 457.)

IV. The rate of damages, under the circumstances of this case, are controlled by the laws of Missouri ; Missouri has legislated upon the whole subject of damages upon bills of exchange ; and this legislation, so far as our own citizens are concerned, is exclusive ; otherwise, the holder of a bill might recover under the laws of both states.

*T. Polk*, for respondent, cited 1 Mo. 343 ; 15 Mo. 619 ; 4 T. R. 275 ; 2 Tidd's Prac. 824–5 ; 17 Mo. 56 ; 19 Mo. 33, 125 ; 18 Mo. 476, 479 ; 18 Mo. 604 ; Story's Conf. of Law, 261, 241.

SCOTT, Judge, delivered the opinion of the court.

1. The answer of the defendants having been withdrawn, whether we regard the judgment taken as one by default, or a *cognovit actionem relicta verificatione*, the same result follows. (Sellon's Prac. 373 ; 5 Wend. 134.) They both are an acknowledgment of the count. A default admits the traversable allegations in the declaration. The laws of California regulating the damages on bills of exchange and the rate of interest are alleged to be in existence. They are traversable facts, and were in fact traversed. The withdrawal of the plea, then, was an admission of them.

2. The courts will take notice that the state of Missouri is east of the Rocky mountains. In the case of Peyroux v. Howard & Varion, (7 Pet. 342,) the Supreme Court of the United States remarked that it can not certainly be laid down as a universal or even as a general proposition, that the court can judicially notice matters of fact. Yet it can not be doubted that there are many facts, particularly with regard to geogra-

phical positions, of such public notoriety, and the knowledge of which is to be derived from other sources than parol proof, which the court may judicially notice. Thus in the case of the United States v. La Vengeance, (3 Dall. 297,) the court judicially noticed the geographical position of Sandy Hook ; and it may certainly take notice judicially of like notorious facts, as that the bay of New York, for instance, is within the ebb and flow of the tide.

3. As to the damages to be recovered against a drawer on a dishonored bill of exchange, the law seems to be settled, that, upon a foreign bill returned, the drawer pays the damages allowed by the law of the place where the bill was drawn. (2 Kent, 459 ; Story's Conf. of Law, 307.) In Allen v. Kemble, (6 Moore P. C. R. 314,) the court say, "The drawer, by his contract, undertakes that the drawee shall accept, and shall afterwards pay the bill, according to its tenor, at the place and domicil of the drawee, if it be accepted generally. If this contract of the drawer be broken by the drawee, either by non-acceptance or non-payment, the drawer is liable, not where the bill was to be paid by the drawee, but where he (the drawer) made his contract, with the interest, damages and costs, as the law of the country where he contracted may allow. In every case of a bill drawn in one country upon a drawee in another, the intention and agreement are that the bill shall be paid in the country upon which it is drawn. But it is admitted that, if the payment be not so made, the drawer is liable according to the laws of the country where the bill was drawn, and not of the country upon which the bill was drawn." To the same effect is the case of Gibbs v. Fremont, (20 Eng. Law & Eq. 558 ; Story's Conf. of Laws, § 315.) After bills are accepted, they are to be governed by the law of the place where they are payable. The other judges concurring, the judgment is affirmed.