D. ROBERT BARCLAY AND WIFE, Respondents, *v.* GEORGE PICKLES, Appellant.

38  143
32a 426
38  143
41a 661
38  143
46a 635
38  143
172  35
  2

1. *Landlord and Tenant—Rents.*—As a general rule, whenever the estate which the lessor had at the time of making the lease is divested or determined, the lease is extinguished with it. If, therefore, a lot of land or premises under lease are required to be taken for city or other public improvements, the lease, upon confirmation of the report of the commissioners condemning the property, becomes void.

2. *Practice—Default—Damages.*—In a suit upon a lease, after a judgment by default, the tenant may, to diminish the damages, show that the title of the lessor has been divested or defeated.

*Appeal from St. Louis Circuit Court.*

*Jecko & Clover*, for appellant.

I. A judgment by default, the action sounding in damages, as in covenant, was only interlocutory, that the plaintiff ought to recover his damages, leaving the amount of them to be afterwards ascertained—1 Tidd's Pr., p. 568–71.

II. The rule at common law of avoiding a writ of inquiry, and ascertaining the damages by reference, could not be had in action of assumpsit for a certain sum due upon an agreement, nor in an action upon a bottomry bond, or to ascertain the damages sustained by the plaintiff in an action of debt, on a judgment recovered on a bill of exchange—1 Tidd's Pr. 71, Palin v. Nicholson, Tidd's Pr. 619 ; 8 Durnf. & East, 395 ; 2 Chit. Rep. 233 ; Dennison v. Mair, 14 East, 624 ; 2 Barn. & Cress. 348 ; 3 Dowl. & Ryl. 613, S. C.

III. Every fact stated in the plaintiff's petition was undoubtedly true, and yet he ought, under the default suffered, to have recovered but nominal damages, if the facts offered in evidence had been allowed to be proven. "When a party suffers an inquest to be taken against him at the circuit, there is authority for saying that he thereby loses the right to produce testimony, and cross-examine on his part, and is restricted to the right of cross-examining the plain-

tiff's witnesses—Green v. Willis, 1 Wend. 78 ; Gra. Pr., 2d ed., 292–3. But I am unable to find any authority that thus restricts the defendant's rights, in the assessment of damages, either at the circuit or before a sheriff's jury, when judgment goes against him by default for not answering the complaint —Foster v. Smith, 10 Wend. 377 ; 5 id. 563 ; 1 Hill, 101 ; Gra. Pr., 2d ed., 798–9."—Gilbert v. Rounds, 14 How. Pr. 51. Patrick v. Ridgeway, 4 H. & J. 312; Union Bk. v. Hicks, 4 Humph. 327 ; Clark v. Compton, 15 Texas, 32 ; Dunlap v. Gliddon, 34 Me. 517 ; Johnson v. Pierce, 7 Eng. 599 ; Toppan's Petition, 4 Foster, N. H., 43 ; Wilson v. Wilson, 5 Foster, N. H., 229 ; Harlan v. Smith, 6 Cal. 173 ; Cook v. Skelton, 20 Ills. 107 ; Webb v. Coonce, 11 Mo. 9 ; Munford v. Wilson, 19 Mo. 669 ; Gramp v. Dunnivant, 23 Mo. 254; Dent v. Morrison, 1 Mo. 130 ; Reve v. Cropley, 1 Vent. 347 ; Greene v. Hearne, 3 T. R. 301 ; 3 Jacobs L. D. 552 ; Tidd's Pr. 166–8 ; Eadern v. Lutman, 1 Stra. 612 ; 1 Phil. Ev. 141; Toppan's Petition, 4 Foster, N. H., 43 ; Strange, 112 ; Foster v. Smith, 10 Wend. 378, and cases cited ; 1 Bos. & Pul. 308 ; Bates v. Loomis, 5 Wend. 134 ; 1 Greenl. Ev. § 27 ; Dodge v. Morse, 3 N. H. 232 ; Briggs v. Door, 19 Johns. R. 95 ; Wilson v. Wilson, 5 Foster, N. H., 229.

A default admits the cause of action, and the material and traversable averments to the declaration, but not the amount of damages. The other question is, whether, after a default, the defendant may introduce evidence tending to prove an adjustment or payment of the damages. The default admits the cause of action, and the material and traversable averments—Bates v. Loomis, 5 Wend. 134. The amount of damages is not admitted—Brill v. Neal, 1 Chitt. 619. Now, the very question to be determined is, what damages the plaintiff should recover—Union Bk. v. Hicks, Ewing & Co., 4 Humph. 327 ; Tidd's Pr. 580; Bing. on Judg. 17; Bates v. Loomis, 5 Wend. 134; Cook v. Skelton, 20Ills. 107 ; Com. Dig. Pl. C. 20 ; Gould's Pl. 145, 506 ; 2Burr, 900 ; 10 East, 364.

*Krum & Decker*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

Plaintiffs brought their action against the defendant for rent for a lot of ground in the city of St. Louis, on a written lease. There was a judgment by default, and at the next succeeding term after the default taken a jury was empannelled to assess the damages. Upon the inquiry of damages, the defendant appeared and offered to prove, that after the making of the lease, and before the rent sued for accrued, the City of St. Louis had, in the matter of 'a proceeding instituted by it for the opening of Chouteau avenue, in said city, under the authority and provisions of the laws of the State, and the charter of the city, by proceedings regularly and lawfully had and instituted, taken the said leased property for the opening of said street ; that the plaintiffs were parties to the proceedings so had ; and that on an assessment of damages and benefits by the city, for the taking of said property, the sum of $8,500 was awarded to plaintiffs, which was received by them, and paid by the said city. And the defendant further offered to show, that by virtue of said proceedings, the title to the property was vested in the city, and divested out of the plaintiffs, and that they ceased to be the owners of the premises from the time of the proceedings aforesaid. This evidence was offered to reduce and diminish the plaintiffs' claim to nominal damages. The evidence was objected to, and excluded by the court ; and the jury having returned a verdict for the full amount awarded, the defendant appealed.

As a general rule, whenever the estate which the lessor had at the time of making the lease is defeated or determined, the lease is extinguished with it. If, therefore, a lot of land, or other premises, under lease, is required to be taken for city or other public improvements, the lease, upon confirmation of the report of the commissioners condemning the property, becomes void—Tayl. Land & Ten., § 519. When the lessor ceases to have any interest in the property, the

rent becomes annihilated. The next question to be considered is, was the defendant precluded from making this proof in consequence of the judgment by default ? A default admits all the material and traversable averments properly set forth in a petition, and the only debatable question, on an inquiry of damages, after default, open for the examination and consideration of a jury, is as to the amount. Any evidence tending to prove that no right of action exists, or denying the cause of action, is wholly irrelevant and inadmissible—Froust v. Bruton, 15 Mo. 619 ; Price v. Page & Bacon, 24 Mo. 65 ; Robinson v. Lawson, 26 Mo. 69 ; Foster v. Smith, 10 Wend. 377 ; 1 Strange, 612. The case of Froust v. Bruton, *supra*, shows that the defendant did not attempt to mitigate or diminish the damages, but sought to introduce evidence which amounted to a denial of the plaintiffs' cause of action, and the court held that such evidence was not permissible. But in the case here, the plantiffs sue on a contract ; the defendant, by his failure to answer, and allowing an interlocutory judgment by default to go against him, admits every traversable allegation contained in the petition ; that is, that the contract as set out is true, and the breaches thereof. The action is for breach of contract, and sounds in damages. The plaintiffs have to resort to testimony to prove their case and ascertain the quantum of damages they have suffered. In diminution of damages, the defendant proposes to show, by counter-evidence, that they have not sustained the amount attempted to be proved. There is no denial of the cause of action, or effort to traverse anything alleged in the petition ; the evidence only tending to diminish or mitigate the amount of damages proved by the extrinsic evidence of the plaintiffs.

We think the testimony should have been admitted ; and as the judgment will be reversed because the court rejected the same, it will be unnecessary to notice the other objections which have been raised in this case.

Reversed and remanded. Judge Holmes concurs ; Judge Lovelace absent.