GEORGE F. DOUGHERTY, Plaintiff in Error, *vs.* THE PRESIDENT AND FACULTY OF ST. VINCENT'S COLLEGE, Defendant in Error.

1. *Practice, civil—Judgment made final at return term on bill in chancery, may e set aside at next term, when.*—In counties where there are only forty thousand inhabitants, or the number is less, a judgment on a bill in chancery rendered for want of answer, and made final at the same time, may be set aside at a subsequent term; and the court may in the exercise of a sound discretion permit the defendant to plead over.

*Error to Cape Girardeau Circuit Court.*

*Lewis Brown, with Kitchen, Tyrrell & McGinnis,* for Plaintiff in Error.

I. Nothing is better settled in this State, than that, after the term at which a final judgment is rendered, the court cannot interfere with it. (Ashley vs. Glasgow, 7 Mo., 320; Hill vs. St. Louis, 20 Mo., 584; Brewer vs. Dinwiddie, 25 Mo., 351; Stacker vs. Cooper Circuit, *Id.*, 403; Deickhart vs. Rutger, 45 Mo., 135; Dilworth vs. Rice, 48 Mo., 124; Winston vs. Affalter, 49 Mo., 263; Martin vs. McLean, *Id.*, 362; Saxton vs. Smith, 50 Mo., 490.)

In Reed vs. Hansard, (37 Mo., 199,) this court says: "There must be some substantial ground of relief, which will bring the case under some head of equitable jurisdiction, such as fraud of the opposite party, uncontrollable accident or mistake, unmixed with negligence or fault on his own part. * * * * * It is clearly not a case of accident or mistake, unmixed with fault or negligence on their part, and in this respect no difference can be made between the parties and their attorneys," *etc. q. v.* (Matthews vs. Cook, 35 Mo., 286; O'Conner vs. Duff, 30 Mo., 595; Florenz vs. Uhrig, 35 Mo., 517; Gra. and Wat., N. T., 963; Peers vs. Davis, 29 Mo., 184; Waddell vs. Wood, 64 N. C., 624; Miller vs. Bernecker, 46 Mo., 194; Elliott vs. Shaw, 16 Cal., 377; Patchin vs. Wegman, 19 Mo., 151; Sto. Eq., § 895–6; Matson vs. Field, 10 Mo., 100.)

II. The court must be satisfied from the facts stated in the motion, supported by the evidence, "that an improper ver-

dict or finding was occasioned by such matters, and that the party had a just cause of action or defense." (2 W. S., 1058; § 3 ; O'Conner vs. Duff, 30 Mo., 595 ; Sto. Eq. Pl., (7th Ed.,) §§ 251, a., 252, 253 ; Barry vs. Johnson, 3 Mo., 372 ; Lamb vs. Nelson, 34 Mo., 501 ; Bosbyshell vs. Summers, 40 Mo., 172 ; Tidd's Pr., (4 Am. Ed.,) side page 568 ; Green vs. Goodloe, 7 Mo., 26 ; Campbell vs. Garton, 29 Mo., 343 ; Lecompte vs. Walsh, 4 Mo., 557.)

*A. J. P. Garesche, with Louis Houck*, for Defendant in Error.

I. The judgment, even if final, may for mistake, fraud or surprise, be set aside at a subsequent term, and it may be done by a motion. (Kemp vs. Cook, 18 Md., 138 ; Yates vs. Horanson, 7 Rob., (N. Y.,) 12 ; Hill vs. Northrop, 9 How. Pr., 527 ; Cooley vs. Gregory, 16 Wis., 305 ; Miles vs. Jones, 28 Mo., 87 ; Spalding vs. Meier, 40 Mo., 176 ; Downing vs. Still, 43 Mo.; 309 ; Bernecker vs. Miller, 44 Mo., 102.)

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in chancery to set aside and annul certain deeds set forth in the petition.

The summons was returnable to the November term, 1872, of the Circuit Court. The defendant by its attorney acknowledged, in writing on the writ, service of the same. Owing to some correspondence which was had between the attorneys for the respective parties, the defendant failed to appear or file answer, or otherwise plead to the petition, at the return term, and the plaintiff took a judgment for want of answer, and had it made final at the time of entering the interlocutory judgment.

At the next term of the court, the defendant appeared by its attorney, and filed a motion to set aside the judgment which had been taken at the November term, and for leave to plead. Several grounds were set forth in the motion, but it is unnecessary to notice them, as the only point now before us is, whether the court could act at all upon this motion af-

ter the end of the return term, at which the judgment was made final.

The court entertained the motion, and set aside the judgment, and the defendant filed a demurrer to plaintiff's petition. When the demurrer was called for hearing, the plaintiff objected to all the proceedings in the premises, and announced to the court, that he would stand on his judgment as rendered at the November term, 1872; that he would not prosecute the case any further, because the court had no jurisdiction to interfere with the judgment rendered in his favor. Upon this announcement being made, the court dismissed the plaintiff's petition for want of prosecution, to which the plaintiff excepted, and has brought the case here by writ of error.

Our code of practice does not authorize a judgment for want of an answer to be made final at the return term of the summons in this class of cases, without the consent of the defendant in counties of forty thousand inhabitants, or less. Where the suit is founded upon a written instrument, or upon a judgment of a court of record, and the demand is ascertained by such instrument, or the record of such judgment, or where the suit is upon an open account, or account stated, and the items of the account are set forth in, or annexed to, the petition, and the defendant be personally served by delivering to him a copy, a final judgment may be rendered against him at the time of entering his default at the return term. (See 2 W. S., 1053, §§ 9, 10.) But in all other cases not provided for in the preceding sections, in those counties where there are only forty thousand inhabitants, or less, an interlocutory judgment, taken at the return term, cannot be made final at that term, but, when taken at the next or any subsequent term, it may be made final at the time it is rendered. (2 W. S., 1053, § 11; 1014, § 5; 1039, § 5.) The three sections above referred to must be read together to ascertain the intention of the Legislature, and, when so read, it will be manifest that a judgment by default, *nil dicit*, or for want of answer, in the class of cases under consid-

eration, rendered at the return term, cannot be made final at the time the default is taken.    Under this view the judgment, which was rendered against the defendant at the November term, 1872, was irregular, and the court had the power at a subsequent term to set it aside.

The court might have simply set aside the final judgment, and left the default standing.    But it also had the power, in a proper case, to set aside the default and permit the defendant to plead.    Whether this discretion was exercised soundly in this case, is not a question necessary for us to pass on. After the demurrer was filed and called for hearing, the plaintiff voluntarily withdrew from the case, and announced that he would not further prosecute it, but rely on the judgment that had been set aside. The court very properly, at this stage of the proceedings, entered a judgment of a dismissal for want of prosecution.

Let the judgment be affirmed.    The other Judges concur, except Judge Napton, who was of counsel and did not sit.