————o————

WM. CLARK, *et al.*, Respondents, *vs.* WALKER EVANS, *et al.*, Appellants.

1. *Practice, civil—Suit on open account—What services insufficient to authorize final judgment at return term—Partnership.*—Where suit is brought in the circuit court upon an open account, nothing under the statute (Wagn. Stat. 1053, § 10) short of a delivery to each defendant of a copy of the petition or of the account, with the items set forth, is sufficient service to authorize final judgment at the return term; and the fact that of two or more defendants, the first is personally served, will not authorize such judgment against a subsequent defendant on proof of service at his place of abode, etc. And it makes no difference that defendants are sued as a firm. (See Phillips vs. Evans, *ante* p. 17.)

*Appeal from Pettis County Circuit Court.*

*E. J. Smith,* for Appellants.

To authorize judgment at the return term in such case, it is necessary that each defendant be personally served *by delivering to him a copy of the writ and account,* at least, if not indeed, of petition, writ and account. (Wagn. Stat. 1053, § 10.)

*Houston & Bothwell,* for Respondents.

One of the firm was served in time with a copy of the account, the other two were duly served with summons, and all made default. They are really one person in the transaction of business, a unit, and in fact but one defendant; and hence the service was sufficient under a proper construction of the statute. (Wagn. Stat. 1053, § 10.)

SHERWOOD, Judge, delivered the opinion of the court.

Action, on open account: the summons returnable to the January term, 1875. The amended return was: "Served the within summons by delivering a copy thereof, together with a

copy of the annexed petition and account, to H. B. Fletcher, he being first served, and also by leaving a copy for Walker G. Evans, with a white member of his family over the age of fifteen years, at his usual place of abode, all in Pettis county, Missouri, on the 19th December, 1874. Byrd Evans served by leaving a copy of the summons with a white person, a member of the family, at his usual place of abode in Pettis county, Missouri, December 19th, 1874, said member of the family being a white person over the age of fifteen years."

"L. S. MURRAY,
"Sheriff Pettis County, Missouri.

"By S. W. RITCHEY, Deputy."

At the return term judgment by default was entered and made final. The defendants at the next term thereafter, moved to set aside the judgment and quash the execution issued thereon. As the history of this case, aside from certain features in the above return to be presently adverted to, is precisely like that of Philips, Nimicks & Co. against the same defendants, it will be necessary to discuss only such points of difference as distinguish this case from that.

Among the grounds urged in support of the motion were, that no copy of the account was delivered to either of defendants, Walker or Byrd Evans, and that final judgment, instead of an interlocutory one, was taken at the return term against all of the defendants.

The section of the statute (Wagn. Stat. 1053, § 16,) under which service was attempted to be made in this case is as follows: "In any action instituted upon an open account, or an account stated, when the items of the account are set forth in or annexed to the petition, if the defendant has been personally served by the delivery to him of a copy, and makes default, he shall be considered as admitting the account to be due, as set forth or annexed, and final judgment may be rendered against him for the amount thereof, at the time of entering his default."

We cannot entertain a particle of doubt as to what this section means. Nothing short of the delivery to each defendant of a

petition, or of an account wherein the items of such account are set forth, will answer the statutory requirement. And it makes no sort of difference that the defendants were sued as a firm. No one can be *considered as "admitting the account to be due,"* unless *"personally served."*

It follows that as the statute was not obeyed, the judgment was irregular, should have been for that irregularity set aside (Branstetter vs. Rives, 34 Mo. 318 ; Dougherty vs. St. Vincent College, 53 Mo. 579 ; Huff vs. Shepherd, 58 Mo. 242,) and must be reversed and the cause remanded. Judge Napton absent ; the other judges concur.