# W. W. BROWN CONSTRUCTION COMPANY, Plaintiff, Appellant, v. MacARTHUR BROTHERS COMPANY, Defendant, Appellant.

### Division Two, July 1, 1911.

1. **DEFAULT: After Personal Service: Admission of Traversable Allegations.** A defendant, by making default after personal service upon him, admits every traversable allegation of plaintiff's petition, and is precluded thereafter from controverting any cause of action sufficiently stated in said petition.

2. **SUIT ON CONTRACT: Default by Defendant: Evidence Admissible: Damages.** Plaintiff's petition alleged that defendant employed plaintiff to do excavating, that plaintiff excavated a quantity of "cemented gravel," the reasonable value of which was seventy-five cents a cubic yard, and prayed judgment accordingly. After being personally served, the defendant made default. The court appointed a referee "to examine into and assess the damages." *Held,* that testimony as to the amount and the reasonable value of "cemented gravel" excavated, should alone have been admitted by the referee.

3. ———: ———: ———: **Specifications in Another Contract.** In a suit on a contract by which defendant agreed to

pay the plaintiff the reasonable value of excavating "cemented gravel," evidence cannot be admitted (defendant having filed no answer) to show that specifications in another contract concerning the same subject-matter governed the contract in suit. In the first place, such defense, to be available, should have been pleaded, and in the second place, there is no proof in the record that such specifications, if any, were ever submitted to plaintiff.

4. **PLEADING: Waiver and Estoppel: Must Be Pleaded to Avail as Defenses.** Estoppel, and waiver as well except in actions on contracts of insurance, is always a matter of affirmative defense, and must be pleaded in order to be available, unless shown or made to appear in plaintiff's case.

5. ————: **Default by Defendant: Defects of Statement in Petition Cured Thereby.** After default by defendant personally served, plaintiff's petition is impervious to attack for any defect in statement (surplusage, etc.) except the failure to state a cause of action.

6. ————: **Open Account: Statement Incorporated in Petition.** Plaintiff's petition alleged that, through defendant's failure to live up to an agreement, plaintiff was put to a stated expense for "men and teams" assembled and held ready to do excavating, and an itemized statement was incorporated in said petition, showing part of this expense to be for delaying engines and graders. *Held*, that the items set out in the petition, being for unliquidated damages, do not constitute an open account within the meaning of Sec. 1799, R. S. 1909, and said itemized statement does not enlarge the scope of the allegation in the petition into which it is incorporated.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster*, Judge.

AFFIRMED.

*Kinealy & Kinealy* for plaintiff, appellant.

(1) The judgment by default is conclusive that the contracts set forth in the first and third counts of plaintiff's petition were made and broken as therein set forth. Froust v. Bruton, 15 Mo. 620; Munford v. Wilson, 19 Mo. 672; Price v. Page, 24 Mo. 67; Lombard v. Clark, 33 Mo. 308; Phillips v. Bachelder, 47 Mo. App. 54; Robinson v. Lawson, 26 Mo. 69; Foster

v. Smith, 10 Wend. 377; Lanneau v. Ervin, 12 Rich. (L.) 31; Gannard v. Dollar, 4 Jones (L.) 175; Ottawa v. Foster, 20 Ill. 296. (2) The agreement between plaintiff and defendant, made after plaintiff refused to excavate the cemented gravel at the price of earth, that plaintiff should be paid the reasonable value of the excavation of cemented gravel, having been acted on by plaintiff, was binding on all, and even had there been other prior arrangements as to this matter, as defendant contends, they became abrogated by the new contract. Keating v. Korfhage, 88 Mo. 532. (3) Defendant having failed to file any pleading to plaintiff's petition and a judgment by default having been rendered it cannot be heard to claim a waiver of any obligation arising out of the contracts set forth in plaintiff's statement of the first and third counts. Such waiver must be pleaded. Lanitz v. King, 93 Mo. 513; Erlich v. Ins. Co., 103 Mo. 231; Bank v. Hatch, 78 Mo. 13; McCullough v. Ins. Co., 113 Mo. 606. (4) The word "teams" includes "wagons." Hotchkiss v. Hoy, 41 Conn. 568; Rowell v. Crothers, 75 Conn. 126. (5) A party is not bound by a date stated in a petition and particularly when it is stated as "on or about" and is not of the essence of the transaction. Bersch v. Dittrick, 19 Mo. 129; Martin v. Miller, 3 Mo. 135; State v. Martin, 8 Mo. 102; Burnham v. Jacobs, 66 Mo. App. 628; Meeker v. Cutter, 51 Mo. App. 344; 22 Ency. Pl. & Pr. 611. Besides this, no objection was made to the proof of the contract alleged in first count, because of its date, when it was offered before the referee. (6) Plaintiff is not bound by any specifications of work save those described and called for in his working contract. Donnelly v. Adams, 115 Cal. 129; Williamette Co. v. Los Angeles Co., 94 Cal. 229; Sexton v. Chicago, 107 Ill. 323; Granite Co. v. Dolan, 138 N. Y. 607. (7) The contract set forth in the first count was binding irrespective of the admission by the default. Keating v. Korfhage, 88 Mo. 532. (8) The

cause was referred to the referee merely to assess the damages on default, and he had no authority to go outside of the power conferred on him by the order appointing him. Bank v. McMullen, 85 Mo. App. 142. (9) In this case the referee in effect dismissed the third cause of action as to the items for delays to the engine and grader. This was beyond his power. Coburn v. Tucker, 21 Mo. 219. (10) The referee misconceived the law of this State on the question of pleading, because the account embodied in the petition is as much a part of the statement of the cause of action as any other part of it, and although items may not be alluded to in the other written part of the statement, yet if set out in the account, proof must be heard as to them to the same effect as if they were also stated in the other written part. Hassett v. Rust, 64 Mo. 329; Combs Co. v. Block, 130 Mo. 679; Connor v. Heman, 44 Mo. App. 347; 1 Ency. of Forms, p. 312; Meyer v. Chambers, 68 Mo. 627.

*Collins & Chappell* for defendant, appellant.

(1) The status of a defendant having suffered an interlocutory judgment by default, *nil dicit*, is that plaintiff is entitled to nominal damages, but in order to recover actual damages, such damages must be established by competent evidence, and upon the hearing defendant is entitled to cross-examine the plaintiff's witnesses and to introduce extrinsic evidence tending to contradict plaintiff's evidence or mitigate the amount of damages: R. S. 1899, secs. 769, 774, 775; McCutchin v. Batterton, 1 Mo. 342; Barclay v. Pickles, 38 Mo. 143; 10 Ency. Pl. and Pr. 1154, 1156. (2) The contract sued on in the first count of plaintiff's petition provides the method of classifying and determining the material excavated. (3) The plaintiff having accepted payment in full for all the material by it excavated under the classification of earth

and at the contract price for earth, is estopped to claim that said material was other than earth. Mc-Gregor v. Ware, 188 Mo. 611. (4) The plaintiff having agreed to accept an extra allowance for the cost of explosives and labor for blasting, is now estopped to claim for material upon any other theory or basis. (5) Plaintiff having, in the first count of its petition, declared upon a written contract, dated May 30, 1902, it was error to permit plaintiff to recover upon a subsequent oral contract dated in September, 1902. Harrington v. Com. Co., 107 Mo. App. 423; McGregor v. Ware, 188 Mo. 611; Lanitz v. King, 93 Mo. 513; Smith v. Ham, 51 Mo. App. 433; Bunce v. Beck, 43 Mo. 266. (6) From the pleadings upon evidence in this case it appears that plaintiff waived any right of action which may have accrued to it under the third count of its petition. Bishop on Contracts, secs. 792 and 795; Jordan v. Dose, 24 Ga. 478; McCord v. Railroad, 3 La. Ann. 285; Lagare v. Fowler, 4 La. Ann. 243; Fox v. Harding, 7 Cush. (Mass.) 511; Geiger v. Railroad, 41 Md. 4. (7) The judgment in favor of plaintiff upon the third count of the petition is excessive.

BOND, C.—The plaintiff and defendant are each corporations engaged in construction work. The defendant had a contract with the Illinois Central Railroad to do a certain construction work in Kentucky. It thereafter entered into a sub-contract with the plaintiff corporation, employing it to do a portion of the work, described in the contract, for the prices therein named: to-wit, "earth excavating, 19½ cents per cubic yard; clearing, $25 per acre; grubbing, $8 per station." This contract between the parties to this suit was in the form of a letter addressed by plaintiff to defendant upon May 30, 1902, and an acceptance endorsed thereon by defendant. It contained a provision, to-wit, "All in accordance with the specifications

and to the satisfaction of the chief engineer of construction of the Illinois Central Railroad Company.'' After some delay in obtaining ''access and right of way'' to and over the grounds where the work was to be done, plaintiff engaged in the performance of the work. During the progress of the work of excavating, the plaintiff reached a substance termed ''cemented gravel,'' more difficult and expensive in excavation than earth. Plaintiff called defendant's attention to the quality of this substance, and proposed to stop work until an agreement was reached as to payment for excavating the same.

The evidence tends to show that there was an agreement reached, that plaintiff should go forward with the work and should be allowed the reasonable value of excavating the ''cemented gravel.'' With this understanding the work was performed, and plaintiff received payment therefor according to the terms of the contract between the parties, except as to the work done of excavating the ''cemented gravel,'' which was paid for at the price of excavating earth. Plaintiff demanded in addition a further sum equal to the reasonable value of performing that work. Plaintiff further demanded that it should be allowed the cost and expense of ''assembling teams and wagons'' for the doing of the work in question and being compelled to hold them in readiness during the delay occasioned by the defendant's failure to procure for plaintiff ''access and right of way'' to the property within a reasonable time after defendant had required plaintiff to be ready with ''men and teams'' and other appliances for doing the work.

Upon the failure of the defendant to comply with these demands, the present suit was brought in a petition containing five counts. Three of the counts were dismissed or nonsuits taken therein on the trial. Copy of the petition and summons was personally served upon the defendant to the April term, 1904, of

the circuit court of the city of St. Louis. The defendant made default, and judgment was rendered accordingly on the first and third counts of the petition. The first count of the petition alleged, in substance, that defendant on or about the 30th of May, 1902, employed plaintiff to do the excavating in and about Capp's Cut, on the Illinois Railroad; that plaintiff excavated 9166 cubic yards of a material known as "cemented gravel," the reasonable value of which was seventy-five cents per cubic yard, and prayed judgment accordingly. The third count alleged cause of action against defendant for failure to procure the right of way and access to the grounds on which said work was to be done at the time indicated by defendant, whereby plaintiff was put to the cost and expense of $2261. The items, dates and particulars of all of which were incorporated in said third count, as follows:

"June, 1902.

| | | | |
|---|---|---|---|
| Twenty-five teams ....10 | $ 4.00 | per day each....| $1000.00 |
| Supt. ........ ......10 | 3.50 | ........ ........| 35.00 |
| Timekeeper ..... ....10 | 2.00 | .... ............| 20.00 |
| 1 Traction engine ......15 | 10.00 | ........ ........| 150.00 |
| 1 Grader ........ .....15 | 5.00 | ...·........... ....| 75.00 |
| 12 Wagons ........ ....15 | .25 | per day each....| 45.00 |
| 12 Wagons ........ ....15 | .25 | per day each....| 45.00 |

July, 1902.

| | | | |
|---|---|---|---|
| 1 Traction engine ......26 | $10.00 | ........ ........| $ 260.00 |
| 1 Grader ........ .....26 | 5.00 | .... ............| 130.00 |
| 12 Wagons ........ ....26 | .25 | ............ ....| 78.00 |

Aug., 1902.

| | | | |
|---|---|---|---|
| 1 Traction engine ......26 | $10.00 | .... ............| $ 260.00 |
| 1 Grader ...... .......26 | 5.00 | ........ ........| 130.00 |
| 12 Wagons ........ ....26 | .25 | .... ............| 78.00 |
| Total ................ | | ....................| $2261.00 |

"Wherefore plaintiff prays judgment for said sum of $2261 and interest thereon."

The court appointed a referee "to examine into and assess the damages in this case." After taking proof, the referee reported, recommending judgment

in favor of plaintiff on the first count for $5087.13, and on the third count for $1156—total $6243.13 with interest from March 19, 1904.   In reaching his conclusions on the second count, the referee excluded from view the cost and expense "for delaying the graders and traction engine, amounting to the sum of $1005," but allowed all the remaining items of the account set forth in the third count of plaintiff's petition.

On hearing of the evidence before the referee, it was not shown that any copy of the specifications of the contract between defendant and the railroad was exhibited to plaintiff at the time of the contract made between plaintiff and defendant, or at any other time "before plaintiff encountered the 'cemented gravel' and refused to do further work unless it was to be paid therefor."   There was evidence tending to show the defendant agreed to pay plaintiff a reasonable value for doing the work of excavating the "cemented gravel."

Exceptions to the referee's report were filed by both parties and overruled.   Motions for new trial filed by both parties were also overruled, and both perfected their appeals to this court—the plaintiff from so much of the finding of the referee as excluded any allowance for the delay of the graders and traction engine; and the defendant from the judgment against it on the first count.

I.   The two appeals taken in this case present for review the question of the correctness of the affirmance of the referee's report on the first and third counts of plaintiff's petition.

Taking these in order.   The default made by the defendant, after personal service, in this action was an admission on its part of every traversable allegation contained in the first count of plaintiff's petition, and precluded the defendant from controverting thereafter any sufficiently stated cause of action contained

in said count. [Barclay v. Picker, 38 Mo. 143; Lombard v. Clark, 33 Mo. l. c. 309; Price v. Page, 24 Mo. l. c. 67.]

In considering this count of the petition, the referee should have confined the testimony of the defaulting defendant to evidence tending only to mitigate or diminish the damages, and should have excluded all testimony or evidence tending in any manner to controvert the cause of action stated in this count of the petition, for that was admitted and confessed by the default of the defendant. It was sufficient to entitle the plaintiff to a recovery, that the allegations in this count set forth a good cause of action or a legal right to a recovery. In applying this rule to the conduct of the case before him, the referee should not have required plaintiff to offer evidence that it had a contract with defendant whereunder it was entitled to the reasonable value of excavating "cemented gravel," for the existence of such contract was expressly alleged as the ground of plaintiff's right to recover on the first count of the petition, and was conclusively established against defendant after the default. The referee should have admitted only testimony tending to show what was the reasonable value and the amount of "cemented gravel" excavated by plaintiff; and should have rejected the evidence offered by defendant tending to controvert plaintiff's right to recover by showing that plaintiff did not have a contract with defendant for payment for the work of excavating "cemented gravel."

By the wide range of testimony admitted by the referee, defendant sought to prove that plaintiff was debarred from a recovery under the first count of its petition, because said count declared upon a written contract, under the terms of which contract plaintiff had bound itself to accept a classification of "cemented gravel" as earth, and, hence, was only entitled to be

236 Sup.—4

paid for excavating "cemented gravel" at the price fixed for excavating earth.

In the first place, if the facts warranted such defense, it was indispensable that they should have been affirmatively pleaded by defendant. It could not be set up after a default. In the second place, it is nowhere shown in the evidence that any such classification was made and shown to the plaintiff at the time of the written contract of May 30, 1902, nor afterwards. Again, the contract of May 30, 1902, does not, either by terms or legal intendment, provide for any classification of the specific substance or work mentioned in said contract: to-wit, "Earth excavation, clearing, and grubbing." It simply provides that these things should be done "in accordance with the specifications and to the satisfaction of the chief engineer of the Illinois Central Railroad;" and there is no proof in the record that any specifications of "cemented gravel" as earth by said chief engineer were ever submitted to plaintiff at any time. Hence, this point is ruled against defendant.

II. Defendant also contends that the proof introduced before the referee afforded the basis for the application of the doctrine of waiver and estoppel as against any recovery by the plaintiff on this count of its petition. The answer to this is, that estoppel, unless it is shown or made to appear in plaintiff's case, is always a matter of affirmative defense and must be pleaded in order to be available; and that the same rule applies as to waiver in all cases except in actions on contracts of insurance. [McCullough v. Phoenix Ins. Co., 113 Mo. l. c. 616.]

III. Appellant (defendant) further contends that the first count of plaintiff's petition was based upon the written contract of May 30, 1902, wherefore it was error to permit plaintiff to recover on the subsequent oral contract, dated in August, 1902. This conten-

tion is based upon a misconception of the cause of action stated in this count. The cause of action stated in this count is a *quantum meruit* for the reasonable value of work and labor performed in excavating the "cemented gravel." The reference to the date of May 30, 1902, as being on or about the date of the agreement sued on, was neither a substantive allegation nor was it intended to make the contract of that date, afterwards introduced in evidence, the basis of the suit. This is necessarily so, for there is no allegation in the petition asking for a recovery for either of the *three things* exclusively mentioned in the contract. On the contrary, the cause of action is based upon an alleged agreement for excavating a material or substance wholly different and distinct from *those* mentioned in said written contract. It is impossible, therefore, for the count to have been one for the violation of the written contract. The allegations of said count could have been sufficiently stated without referring to the contract of May 30, 1902, in any way, but such reference was at most surplusage; and the fact that the allegation did not refer to anything covered by the contract in question, clearly shows that it could not be based thereon. This count did contain the elements of a good cause of action for the violation of an oral contract to pay the reasonable value of excavating "cemented gravel," as follows: "That plaintiff excavated 9166 cubic yards of material, known as "cemented gravel," the reasonable value of which was seventy-five cents per cubic yard, amounting to $6874.50, no part of which has been paid and judgment is asked therefor." The fact that it also contained other references not made the basis of the demand for judgment, does not destroy its legal sufficiency. It is the settled law of pleading, that the defective statement of a cause of action is a radically different thing from the statement of a defective cause of action. The former is cured by a verdict or a default; the lat-

ter is incurable at any stage of the cause and may be taken advantage of for the first time on appeal to a court of last resort. This count of the petition sufficiently alleges the oral agreement, and the breach thereof, upon which the finding was made by the referee. It is impervious to attack, after default by defendant, for want of definiteness, surplusage, or any other defect in statement, except the failure to state any cause of action.

We, therefore, hold that the finding of the referee on the first count of the petition was properly affirmed by the trial court.

IV.    The only theory on which the learned referee excluded any allowance to plaintiff for the delay of its graders and traction engine was the assumption by him that the inclusion of a charge for the specific loss thus suffered in the itemized account, which itemized account was set forth in the third count of the petition, was not sufficient to make those items a part of the cause of action alleged in said third count of the petition.

We cannot concur in that view. The code of civil procedure provides: "And in actions instituted upon an open account or an account stated where the items are set forth in or annexed to the petition, if the defendant has been personally served by the delivery to him of a copy of said account. . . . if the defendant makes default, he shall be considered as admitting the account to be due as set forth in or annexed to the petition, and final judgment may be rendered against him for the amount thereof at the time of entering the default." [R. S. 1909, sec. 1799.]

The only prerequisite to a final judgment in a case coming within the terms of this statute is, that the defendant shall have been served personally with a copy of the petition and of the included or appended itemized account. That was done in this case, and the

court, without any reference, might have made a finding for the aggregate items contained in this count of the petition when defendant made default.  [Clark v. Evans, 64 Mo. 258.]

This statute is predicated upon the idea that an itemized account inserted bodily in a petition or annexed thereto, is just as much a part of the petition as any allegations preceding or following the account. It expressly provides for the rendition of a final judgment after a default as in this case.

We, therefore, hold that the referee and the circuit judge erred in not making a finding of the amount of the items of expense incurred by plaintiff for the delay of its graders and traction engine, since these were contained in the itemized account embodied in the petition.  The finding herein as to the first count of the petition is affirmed, and the finding as to the second count of the petition is reversed, and the cause remanded with directions to the trial court to make a finding on the second count of the petition in favor of plaintiff and against defendant for the aggregate of the itemized account set forth therein, and to render judgment in plaintiff's favor for the amount of the findings on both the first and third counts of the petition.

*Roy, C.,* concurs.


PER CURIAM.—The motion for rehearing is overruled.  The opinion, however, will be modified in the following particular:

Upon reconsideration, we are satisfied that the ruling of the referee disallowing any recovery on the third count for the delay on account of the graders and engines was correct.  We are of the opinion that the items set out in the petition, being for unliquidated damages, do not constitute an open account within the meaning of section 1799, Revised Statutes 1909, and consequently this itemized statement does not enlarge

the scope of the allegations in the petition. It is therefore ordered that the judgment of the circuit court be affirmed.