## 9551

WESTINGHOUSE ELECTRIC & MFG. CO. v. GLENCOE COTTON MILLS.

(90 S. E. 526.)

1. SALES—BREACH OF WARRANTY—CONTRACTS—CONSTRUCTION.—A contract for sale of machinery, by which the seller agreed to correct "any defects of labor or material which might develop within 30 days," covers latent as well as patent defects, and the purchaser cannot recover for breach of warranty as to latent defects discovered at any time within six years after original use.

2. SALES—BREACH OF WARRANTY—REPLACING DEFECTIVE PARTS—REASONABLE TIME.—Under a contract for sale of machinery, by which the seller agrees to correct defects discovered within 30 days, he is entitled to a reasonable time within which to replace the defective parts, and is not guilty of breach unless he fails to correct within a reasonable time.

3. SALES—BREACH OF WARRANTY—REPLACING DEFECTIVE PARTS—REASONABLE TIME—QUESTION FOR JURY.—The question what constitutes a reasonable time for correction of defects is for the jury.

4. SALES—BREACH OF WARRANTY—DAMAGES.—The purchaser is entitled to recover only such damages as proximately result from failure to correct defects within a reasonable time, and after due notice.

5. SALES—BREACH OF WARRANTY—EVIDENCE—ADMISSIBILITY.—*The* purchaser was entitled to recover all defects resulting within 30 days, and all damages resulting therefrom after a lapse of sufficient time to correct them; the liability benig fixed at such time.

6. SALES—BREACH OF WARRANTY—DUTY TO MINIMIZE DAMAGES.—It was the purchaser's duty to reasonably exert itself to minimize damages, and such as might have been averted are not proximate and cannot be recovered.

Before Prince, J., Columbia, March, 1914.    Reversed.

Action by the Westinghouse Electric & Manufacturing Company against the Glencoe Cotton Mills.    Judgment for defendant, and plaintiff appeals.

*Messrs. Barron, McKay, Frierson & Moffatt,* for appellant, submit: *It was error to admit testimony concerning alleged defects which developed in the motors after the expiration of thirty days after the starting thereof:* 77 S. C. 467, 471; 100 S. C. 135; 71 S. C. 506; 5 S. C. 358; 227 U. S. 657; 54 Ark. 221; 11 L. R. A. 102; 58 S. E. 826; 66 S. E. 146. *It was error for the trial Judge to charge that the thirty days provision of the contract only referred to patent. defects, and not to latent defects; and that, as to latent defects, the defendant had a right to complain of such as developed, not only within thirty days, but at any time within six years:* 82 S. C. 284, 297; 2 Bailey 293, 295; 5 Strob. 115, 119; 9 S. C. 344, 374, 375; 81 S. C. 279, 281; 8 Am. & Eng. Enc. of L. 636; 121 N. W. 582; 142 S. W. 653; 101 S. W. 1179; 157 S. W. 390; 132 Pac. 344; 122 Pac. 186; 53 S. E. 727; 5 Neb. 478; 87 S. W. 62; 89 N. W. 1123; 52 N. E. 708. *The express contract between the parties excluded any implied contract, and is alone the evidence of what was intended by the contractors:* Harper L. 543, 549; 102 S. C. 129; 1 Hill 383; 2. Rich. 464; 1 Strob. 407, 412, 413; 15 Am. & Eng. Ency. of L. 1078; 68 S. C. 212, 218; 97 S. C. 247, 250, 251. *The trial Court committed error in ruling upon the question of the admissibility of testimony relating to the damages alleged to have been suffered by the defendant, as pointed out in exceptions 4 and 5:* 81 S. C. 181, 186; 82 S. C. 468, 473; 19 L. R. A. (N. S.) 155.

*Messrs. Nettles & Tobias,* for respondent, cite: *As to warranty:* 27 S. C. 379; 76 S. C. 330; 146 Wis. 485, 487. *Waiver of notice:* 30 A. & E. Enc. of L. 202; 1 L. R. A.

(N. S.) 143, 145.  *Construction of contract:* 12 Wis. 276; 78 Am. Dec. 737, 860.  *Notice of defects:* 28 S. C. 176. *Latent defects:* 87 S. C. 428; 11 L. R. A. (N. S.) 245, 246, 247; 49 S. W. 202.  *Measure of damages:* 102 S. C. 140; 82 S. C. 468; 2 Strob. 736; 2 Sedgwick Damages 767; 83 Cal. 333, 341.

November 6, 1916.

The opinion of the Court was delivered by Mr. Justice Hydrick.

This is an action on contract to recover $1,865.14, with interest, the balance of the purchase price of six electric motors sold for use in defendant's cotton mill.  The contract of sale contained the following warranty:

"The company guarantees that the apparatus herein specified will generate or utilize electrical energy to their rated capacities without undue heating and will do their work in a successful manner, provided they are kept in proper condition and operated under normal conditions, and the purchaser supplies competent supervision for their operation. The company agrees to correct, at its own expense, any defects of labor or material in said apparatus which may develop under normal and proper use within thirty days after the starting thereof, provided the purchaser gives the company immediate written notice of such defects, and the correction of such defects by the company shall constitute a fulfillment of its obligations to the purchaser hereunder."

Defendant denied liability on the ground that the motors were defective, and set up a counterclaim for $10,000 damages for breach of warranty, express and implied, alleging that the defects were latent and were not discovered, until after they were made manifest by use of the motors.

Three of the motors were of 75 horse power and equipped with a different kind of starter box from the others.  One of

these was set to run the spinning frames in defendant's mill, and it was found to be defective within a few days after starting, about October 1, 1910, and plaintiff was promptly notified of the fact. Plaintiff made repeated efforts, at considerable expense, to correct the defect; but the cause of the trouble, which the evidence tends to show was a defect in the construction of the starter box, was not discovered until some time in the early part of 1913. It was then discovered and corrected by an expert employed by defendant. From that time, it worked satisfactorily, at least so far as the original defect was concerned, though there was evidence that the motor itself was injured by having been overheated as the result of the defect.

The evidence tends to show the same defect in the other two motors similarly equipped, though these gave less trouble than the one in the spinning room, and no trouble after the defect was corrected. While it is inferable that the defect in the two motors last mentioned appeared and was reported to plaintiff within 30 days after starting, the evidence upon that point is not clear. Pending the discovery and correction of the cause of the trouble, defendant's operations were subjected to frequent interruptions, and defendant incurred expense in getting another motor to run the spining frames, and in attempting to ascertain and remedy the cause of the trouble, for all of which damages are claimed.

The jury were instructed that the provision of the contract above quoted refers to patent and not to latent defects, and that defendant had the right to recover for breach of the warranty as to latent defects discovered and reported to plaintiff at any time within 6 years after use of the motors. This instruction was erroneous.

Plaintiff had the right to refuse to warrant the motors at all, and, therefore, the right to limit the warranty given in

any manner it saw fit, provided it was acceptable to defendant. *Harvester Co.* v. *Law,* 105 S. C. 520, 90 S. E. 186. The warranty given limits plaintiff's obligation under the contract to the correction of "any defects of labor or material" in the motors which developed within 30 days after use thereof, provided written notice thereof was immediately given to plaintiff, or, as expressed in the contract:

"The correction of such defects by the company shall constitute a fulfillment of its obligations to the purchaser hereunder."

The terms of the contract exclude any implied warranty. The language used in the contract applies to all defects, patent or latent, and the Court erred in limiting it to patent defects occurring within the time specified, and in extending it to latent defects which might develop within 6 years. If it could be extended as to latent defects beyond the time specified in the contract, there is nothing upon which an extension for 6 years can be based. Evidently, the Court momentarily confused the limitation in time of the warranty with the time fixed by the statute of limitations for bringing an action for breach of the warranty, which is 6 years after the breach.

No time is specified in the contract within which plaintiff shall correct defects discovered wthin the 30-day limit. The law implies the intention that a reasonable time was to be allowed for that purpose. Therefore there was no breach of the warranty, unless there was a failure to correct the defect within a reasonable time after notice thereof; and what was a reasonable time for that purpose is a question of fact for the jury.

It follows that plaintiff is not liable for damages resulting from any defects that did not develop within 30 days after starting to run the motors; but that it is liable for all damages that naturally and proximately resulted from its failure to correct such defects after the lapse of a reasonable time within which to do so,

after notice thereof given as required by the contract. No question is made as to the time or manner of giving the notice.

It follows, too, that it was competent for defendant to prove all defects that developed within 30 days from starting and all subsequent efforts to correct such defects, and the damages proximately resulting therefrom, after the lapse of a reasonable time for plaintiff to correct them, because after the rights and obligations of the parties became fixed under the contract by the development of the defects within the time therein specified, and report thereof to plaintiff as required by the contract, plaintiff's obligation was to correct the defects within a reasonable time; and, if it failed to do so, it became liable under the warranty for the damages that proximately resulted during such time as the circumstances justified a reasonable belief that the cause of the trouble might be discovered and corrected, of course, even during that time, it was defendant's duty to reasonably exert itself to minimize the damages, and such as might have been averted by reasonable efforts are not proximate, and, therefore, not recoverable.

The principles upon which the measure of damages in a case like this is to be determined have been so recently considered in *Machine Co.* v. *Johnston,* 102 S. C. 130, 86 S. E. 489, that it is unnecessary to restate them.

Judgment reversed.