10134

## WESTINGHOUSE ELECTRIC & MFG. CO. v. GLENCOE COTTON MILLS.

### (98 S. E. 128.)

TRIAL—CONSTRUCTION AS A WHOLE.—Where charge 17 pages long gave jury a broad correct rule as to measure of damages, the fact that an inconsistent and incorrect rule was also given will not justify reversal, where, considered in its entirety, it is not made to appear that such inconsistent rule was prejudicial to appellant.

Before DeVore, J., Spring term, 1917. Affirmed.

Action by the Westinghouse Electric & Manufacturing Company against the Glencoe Cotton Mills. Judgment for plaintiff, and defendant appeals.

*Messrs. Nettles & Tobias,* for appellant, cite: *As to the correct measure of damages proper to be recovered by defendant under its counterclaim:* 82 S. C. 468, at page 473; 29 S. C. 736; 89 S. C. 420. *The jury was given a broad correct rule as to the measure of damages, but they were also given an inconsistent and incorrect rule. This Court will not assume they followed the correct rule to the exclusion of the incorrect:* 84 S. C. 420; 57 Ark. 203; 21 S. W. 104; 194 Ill. App. 58; 129 N. C. —; 39 S. E. 730; 99 Va. 727; 40 S. E. 37; 107 Va. 733; 60 S. E. 58; 108 Va. 521; 62 S. E. 335; 13 Corpus Juris 792; 38 Cyc. 1604; 11 Cyc. Pl. & Prac. 145, *et seq. The instruction that "if the plaintiff substantially performed its agreement to correct the defective motors, then the defendant was absolutely liable for the full contract price," is incorrect, and entirely inappropriate to the case:* 15 S. C. 93. *If the doctrine is inapplicable, it was error to charge it without qualifications:* 102 N. W. 356; 124 Wis. 84; 66 Ill. 467; 3 Elliott on Contracts, p. 1878; 2 Elliott on Contracts, p. 1606.

*Messrs. Barron, McKay, Frierson & Moffatt,* for respondent, submit: *There ought to be an end to this litigation:* 106 S. C. 133-137. *The rulings of the trial Court on the question of damages was more favorable to the defendant than*

*it was entitled to:* 102 S. C. 130; 86 S. E. 489; 105 S. C. 520, at page 523; 82 S. C. 284; 121 N. W. 582; 142 S. W. 653; 101 S. W. 1179; 157 S. W. 309; 132 Pac. 344; 122 Pac. 186; 53 S. E. 727; 5 Neb. 478 (Mo. 1905); S. W. 52 (Minn. 1902); 89 N. W. 1123 (Ind.); 52 N. E. 708; 106 S. C., pp. 136 and 137; 105 S. C. 520; 90 S. E. 186. *It is well settled that instructions to the jury are to be construed as a series, making one entire charge, and the omissions or inaccuracies of one may be cured by the contents of the others, or some of them:* 103 S. C. 343, 354; 95 S. C. 302, 306.

January 25, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the argument of the appellant's attorneys:

"Owing to the fact that there is little difference between the testimony, at the first trial and the second, we and our colleagues have thought it well to relieve the Court from reading the testimony anew; and to state to the Court that the decision in the first case (106 S. C. 133 [90 S. E. 526]) together with the statement in the case and exceptions herein, correctly set forth the substance of the testimony necessary for the consideration of this appeal."

In discussing the exceptions, the appellant's attorneys say:

"The jury was given a broad correct rule as to the measure of damages, but they were also given an inconsistent and incorrect rule. We cannot say which they followed."

The charge, which was 17 pages in length, must be considered in its entirety. In a charge of such length, it is not surprising if expressions were used, which, standing alone, might be regarded as erroneous. This action was commenced in 1913, and there should be an end of litigation, unless there was prejudicial error.

None of the exceptions can be sustained, for, even conceding that there was error in the particulars therein specified, it has not been made to appear that it was prejudicial. Affirmed.

MESSRS. JUSTICES WATTS and GAGE concur.

MR. JUSTICE FRASER (*dissenting*). I think exceptions 4 and 5 should be sustained.

I think the charge complained of is clearly erroneous. When there are two statements, one general and the other specific, the specific statement restricts the rule to the specific statement.

MR. JUSTICE HYDRICK concurs with MR. JUSTICE FRASER.