Connelly v. Priest.

---

MARTIN CONNELLY, Defendant in Error, v. JOHN G. PRIEST, Trustee, Plaintiff in Error.

St. Louis Court of Appeals, January 4, 1898.

1. **Contract:** COUNTERCLAIM: EVIDENCE: FINDING. In an action to recover the reasonable value of work and material furnished in repairing a house held by defendant as trustee, where the answer was a general denial, and also set up a counterclaim, and judgment was rendered for plaintiff on the claim, and for defendant on the counterclaim for nominal damages, on the recommendations of a referee, to whom the cause was referred to take testimony and report his findings thereon,—*Held:* That there was substantial evidence to authorize both findings.

2. ———: ———: DAMAGES: CONSTRUCTION. In this state, on a claim for damages, if the damages can be easily ascertained or proved, or if the amount agreed to be paid is out of proportion to the probable damage sustained, the courts will treat the stipulated sum as a penalty. *Cochran v. R'y,* 113 Mo. *loc. cit.* 363.

3. ———: CONDITION: PLEADING: DAMAGES. Where the promise of plaintiff to pay in case of delay in the construction of a building, was coupled with certain conditions, it devolved on defendant to note those conditions in his answer, and aver and prove facts consistent therewith, showing plaintiff's liability, and for failure to do so, he was not entitled to recover even nominal damages.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*Chester H. Krum* and *Henry H. Denison* for plaintiff in error.

The stipulation in the contract to pay $10 per day for every day's delay in finishing the building, after February 15, 1893, "as and for stipulated damages," is a reasonable and valid agreement, and plaintiff is bound thereby. *Morse v. Rathbun*, 42 Mo. 594; *Cochran v. R'y*, 113 *Id.* 363; *R'y v. Rust*, 19 Fed. Rep. 239; *Wolf v. R'y*, 64 Iowa, 380–386; *Hamaker v. Schroers*, 49 Mo. 407; *Tinkham v. Satori*, 44 Mo. App. 659; *Dwinell v. Brown*, 54 Me. 468; *Linde v. Thompson*, 2 Allen, 456; *Jones v. Binford*, 74 Me. 439; *Downey v. O'Connell*, 86 Ill. 49.

No valid reason is shown for plaintiff's non-compliance with the terms of the contract, either as to the delay in the completion of the work, or as to his failure to do the work contracted for. *Fruin v. R'y*, 89 Mo. 397, 407; *Morse v. Rathbun, supra; Hamaker v. Schroers, supra.*

The architect had no power to waive the contract for stipulated damages. *Downey v. O'Connell, supra.*

*T. J. Rowe* for defendant in error.

An impossibility is a good defense where it arises indirectly from the act of the promisee. The piling of old material on Thirteenth street was the act of Reid. 2 Par. on Con. 789; *Grice v. Noble*, 59 Mich. 515; *Gallagher v. Nichols*, 60 N. Y. 438; *Theobald v. Burleigh*, 23 Atl. Rep. (N. H.) 367.

The $10 per day mentioned in the contract should be regarded as a penalty, and not as liquidated damages. *Cochran v. R'y*, 113 Mo. 359; *Tinkham v. Satori*, 44 Mo. App. 659.

BIGGS, J.—This is an action to recover the reasonable value of work and materials furnished by the plaintiff in repairing a business house which is owned and controlled by the defendant as trustee. The answer is a general denial. It also sets up a counterclaim. The case was referred to George E. Smith, Esq., who took the testimony and reported the same, together with his conclusions to the circuit court. He recommended a judgment for plaintiff for $1,340, and a judgment cn the counterclaim for $1. The report was confirmed and judgment entered accordingly. The defendant has appealed. We are indebted to the referee for the following statement of the issues:

"By the amended petition in this case, the plaintiff sues for the reasonable value of work and materials furnished at request of defendant, and expended in altering and reconstructing a building at the southwest corner of Thirteenth and Olive streets, in the city of St. Louis, belonging to the trust estate, alleged to have been completed on July 1, 1893.

The various items are set out with their values amounting to the sum of $6,935; credits are given for cash and orders paid amounting to the sum of $5,595, leaving a balance of $1,340 due plaintiff, for which judgment is prayed.

The amended answer pleads that the work and material sued for was furnished by plaintiff under a special contract with defendant, dated October 15, 1892, by which plaintiff undertook to alter said building, under the direction of Geo. H. Ried, architect, and to finish the same on or before February 15, 1893, and in default thereof to pay defendant $10 for every day thereafter said building should remain unfinished, as and for liquidated damages; that plaintiff did not finish the same until May 27, 1893, a delay of one hun-

dred and one days, for which, under the terms of said contract, plaintiff became and is liable to defendant in the sum of $1,010.

The answer also alleges that plaintiff left out a window and certain wainscot required by the plans and specifications, and which defendant was compelled to supply at an expense of $131; that the contract price (of the building) was $6,935.

The answer further alleges that defendant complied with said special contract, and asks judgment for the two items specified in the sum of $1,141.

The reply admits that the work was done under the special contract pleaded by defendant; that it was not completed until May 27, 1893, but excuses delay by pleading that the work was interrupted and hindered by the city of St. Louis in building a sewer on Thirteenth street along the east side of the lot and covering up the old material which had been piled in said street, under permit from architect Ried, who was also building commissioner of the city; that the street and lot were thus blockaded so that the old material could not be used, nor could new material be conveyed to said building from January 1 to March 1, 1893, while Thirteenth street was closed to the public.

The reply admits that defendant left out a window and certain wainscot from the building, but pleads that such omission was made with the approval of the architect, etc."

The referee found that the work was done and the materials furnished under the special contract mentioned in the answer; that its reasonable value was $6,935, and that $5,595 had been paid thereon, leaving a balance due plaintiff of $1,340. There was substantial evidence to support this finding, which justified the circuit court in approving it.

CONTRACT: counterclaim: evidence: finding.

As to the window and wainscoting mentioned in the counterclaim, the referee found that the former was omitted by order of the defendant's superintendent, and that in place of the wainscoting other work was done at the suggestion of the superintendent. The referee disallowed the counterclaim as to these items. There was substantial evidence to authorize both findings. The main contention of the defendant concerns the disallowance of substantial damages for delay in the completion of the work. This item of damage is based on the sixth paragraph of the contract between the parties, which provides that the plaintiff should "finish the said work according to the said drawings and specifications and this contract on or before the fifteenth day of February in the year one thousand, eight hundred and ninety-three *(provided that possession of the premises be given the contractor and lines and levels of the building furnished him on or before the twentieth day of October 1892)*, and in default thereof the contractor shall pay to the owner ten dollars for every day thereafter that the said work shall remain unfinished, *as and for liquidated damages.*" The italics are ours. The delay in the completion of the work was admitted. There was no evidence, however, that the possession of the building was given to the plaintiff within the time prescribed by the contract, or that lines and levels of the building were furnished him within that time. The defendant failed to introduce any evidence as to the actual damages sustained by him by reason of the delay, his contention being that such evidence was irrelevant, as his damages were fixed or liquidated by the contract. The referee construed the sum stated in the contract as a penalty, and as there was no evidence of actual damage he allowed the defendant nominal damages.

The question whether a sum mentioned in a contract is to be construed as a penalty or liquidated damages, has been the subject of much judicial discussion. The question is one of construction. The rule in this state is that, if the damages may be easily ascertained or proved, or if the amount agreed to be paid is out of proportion to the probable damage sustained, the court will treat the stipulated sum as a penalty. This is the purport of the last decision of the supreme court on the subject. *Cochran v. R'y*, 113 Mo. *loc. cit.* 363. After reviewing the authorities, the conclusion of the court is thus stated: "The element of uncertainty, the fact that the damage was incapable of exact ascertainment, has generally inclined the courts to construe the sum agreed upon as liquidated damages. Where, however, the amount stipulated to be paid by the defaulting party is disproportionate to the probable damage or to a readily ascertainable loss, the courts treat it as a penalty, in the nature of a security for performance." In the present case the building was used for business purposes. It is reasonable that its rental value could have been easily established, which, under the authority quoted, made the stipulated sum a penalty that is a security for the prompt performance of the work and required evidence of the actual damage sustained. This leads to an affirmance of the judgment as to the counterclaim. The defendant has no room for complaint as to this item of damage on another ground. The promise of the plaintiff to pay in case of delay was coupled with the condition that the possession of the building was delivered to him within a certain time, and also that the lines and levels of the building were established within that time. Under well established rules it devolved on the defendant to note these condi-

CONTRACT: counterclaim: damages: construction.

CONTRACT: condition: pleading: damages.

tions in his answer and aver and prove facts consistent with them, and showing plaintiff's liability. *Edelen v. Worth*, 69 Mo. App. 124; *Coal Co. v. Brick Co.*, 66 Mo. App. 296. The defendant neither averred nor proved that the conditions were complied with. Under this view he was not entitled to even nominal damages. The judgment of the circuit court will be affirmed. All the judges concur.