JASPER COUNTY BANK et al., Respondents, v. P. A. BARTS, Appellant.

Kansas City Court of Appeals, April 6, 1908.

**SALES: Warranty: Condition Precedent: Performance.** In the sale of a chattel with warranty accompanied by stipulation making the warranty conditional upon certain acts of the purchaser, it is incumbent upon him to show the fulfillment of the condition before he can hold the vendor liable on the warranty; the rule seems otherwise if the warranty is without condition precedent. So, where the warranty of a machine required the purchaser upon its failure to work to return it to the place of purchase, such return must precede his action on the warranty.

Appeal from Bates Circuit Court.—*Hon. Charles A. Denton,* Judge.

AFFIRMED.

*Silvers & Silvers* for appellant.

(1) The question of whether or not the shredder fulfilled the warranty thereof was for the jury likewise, the question of whether or not there was a failure of consideration for the note sued on in count one was a question for the jury. Where there is any evidence from which a jury might find the fact necessary to a defense, the same should go to the jury. Thomas v. Express Co., 30 Mo. App. 86; Twohey v. Fruin, 96 Mo. 104. (2) The defense of breach of warranty and failure of consideration are not inconsistent. Implement Co. v. Leonard, 40 Mo. App. 477; Murphy v. Gay, 37 Mo. 535. (3) In order to sustain the plea of failure of consideration to the first count of the petition (being on the note given for the expressly warranted machine), or to count two (being on the impliedly warranted machine), no delivery back of the machine need be shown. Danforth & Co. v. Crookshanks, 68 Mo. App. 311; Miles v. Withers, 76 Mo. App. 87; Implement Co. v. Leonard, 40 Mo.

App. 477; Kerr v. Haymaker, 20 Mo. App. 350; Compton v. Parsons, 76 Mo. 455; Laws of Missouri, 1905, p. 247, sec. 28; Johnson v. Agricultural Co., 20 Mo. App. 100; Manley v. Manufacturing Co., 103 Mo. App. 135; Tower v. Pauly, 51 Mo. App. 75; Brockhaus v. Schilling, 52 Mo. App. 73; June & Co. v. Falkinburg, 89 Mo. App. 571; New Birdsall Co. v. Keys, 99 Mo. App. 463; Osborn & Co. v. Henry, 70 Mo. App. 26.

*Templeton & Hales* for respondent.

(1) Appellant by his failure to comply with the terms of his written contract, in the absence of any allegation of fraud or mistake, had released the Parsons Band Cutter & Self Feeder Co. from all liability upon its warranties. Shearer v. Garr, Scott & Co., 90 S. W. 684; Case Threshing Machine Co. v. Hull, 73 S. W. 835; Haynie v. Manufacturing Co., 82 S. W. 532; Aultman v. McKinney, 26 S. W. 267; Equitable Co. v. Stevens, 60 S. W. 350; Harvesting Mach. Co. v. Mackey, 74 S. W. 388; Nichols-Sheppard Co. v. Rhoadman, 112 Mo. App. 299. (2) To the general rule that a defendant may decline to return an article which is alleged to be wholly worthless upon asking for a rescission there is a well-defined exception in those cases where the parties have by their contract stipulated for such return as a condition precedent, to the rescission, or as a remedy for the breach of warranty, or failure of consideration. Nichols-Sheppard Co. v. Rhoadman, 112 Mo. App. 299, 87 S. W. 62; Haynie v. Manufacturing Co., 82 S. W. 532, and other authorities cited under point four above.

BROADDUS, P. J.—This is a suit on two negotiable promissory notes. The petition contains a separate count on each note. The first declares on a note for $465 executed October 3, 1905, due December 20, 1905, bearing interest at eight per cent per annum from maturity; the second one a note for $75 dated October 3,

1905, and due December 20, 1905, bearing interest at eight per cent per annum from maturity. These notes were made payable to the order of the Parsons Band Cutter & Self Feeder Company, a corporation of the State of Iowa and endorsed to the plaintiff before due. The consideration for the first mentioned note was what was designated as a "Success Shredder with Canvas Cover;" the consideration for the second note was what was called a "Wind Stacker or Shredder." The defendant having failed to pay the notes at maturity, the plaintiff instituted the suit to enforce their collection.

The company warranted that the shredder would serve the purpose for which it was intended as well or better than any other machine of like kind. It was one of the conditions however that if it did not come up to the warranty the defendant was to give notice of the fact to the company and return the machine to the place where he purchased it. The machine was bought from the general agent of the company at Kansas City, Missouri. The defendant's testimony tended to show that the machine did not comply with the warranty, but instead of returning it to Kansas City he took it to Rich Hill and gave the company notice of the fact and asked instructions. The evidence tended to show that the plaintiff bank had notice of the failure of consideration of the note before purchase. The stacker for which the second note was given was sold without any special warranty but as there was no testimony that it did not work satisfactorily the defendant failed in making any sort of defense as to the second count of the petition. The court at the close of all the evidence instructed the jury to find for plaintiff on each count of the petition. From remarks made to counsel when discussing the law relating to the giving of instructions we infer that the court adopted the theory that it was the duty of defendant to have returned the machines to the place where he purchased them from the company as the

contract specified and such is the law. It was a condition precedent to his right to recover. "In a sale of chattel with warranty accompanied by stipulation making the warranty conditional upon certain acts of the purchaser, it was incumbent upon the purchaser to show the fulfillment of the condition before he could hold the vendor liable on the warranty." [Nichols-Shepard Co. v. Rhoadman, 112 Mo. App. 299; and so it is held in Nichols v. Larkin, 79 Mo. 264.]

The rule is different where there is a warranty without condition precedent, where it is shown that the chattel is worthless for the purpose for which it is purchased. [Compton v. Parsons, 76 Mo. 455; Miles v. Withers, 76 Mo. App. 87; June & Co. v. Falkinburg, 89 Mo. App. 563; The New Birdsall Co. v. Keys, 99 Mo. App. 458.] The cause is affirmed. All concur.