THE BROOKS TIRE MACHINE COMPANY, Appellant, v. W. E. WELLS and T. W. COKER, Respondents.

**Springfield Court of Appeals, June 13, 1914.**

1. CONTRACTS: Sales: Warranty: Implied and Special: Special Takes Precedence. A special contract of warranty which imposes conditions precedent, takes precedence over a like or inconsistent implied warranty and defendant cannot plead and prove a failure of the implied warranty and thereby escape the performance of the conditions precedent.

2. WARRANTIES: Implied and Special: Conditions Precedent. Where a tire setting machine was sold under a special warranty with certain conditions precedent imposed, such special warranty excluded any inconsistent implied warranty: and purchasers, having failed to comply with the expressed conditions of the special warranty, could not set up as a defense a breach of the implied warranty.

3. WARRANTIES OF SALE: Conditions Precedent: Failure of Consideration: When Available. Where a sale is made under a special warranty with conditions precedent annexed thereto, the purchaser is bound by such conditions. And he must prove a compliance with the conditions to avail himself of the defense of failure of consideration.

4. INSTRUCTIONS: Peremptory Instruction: No Request Made For: Failure to Give Not Error. Where plaintiff, clearly entitled to a peremptory instruction, did not request same, the trial court did not commit error in not giving same of its own motion.

5. WARRANTIES: Sales: Evidence: Instructions. Action on notes given in payment for a tire setting machine sold under warranty. Defendants contracted that if the machine did not work according to the warranty they would notify plaintiff

seller within ten days and a failure to do so would be an'
acknowledgment that the machine did work according to the
warranty. The evidence showed that defendants kept the ma-
chine and used it for 8 or 9 months without making com-
plaint. An instruction was erroneous which told the jury that
the evidence that the defendants did not offer to return the
machine until some time after the notes given for the purchase
price became due and suit was threatened could not be con-
sidered by the jury for any purpose except to determine whether
the machine was doing the work efficiently and satisfactorily
which it was guaranteed to do.

Appeal from Howell County Circuit Court.—*Hon. W.
N. Evans,* Judge.

REVERED AND REMANDED.

*J. C. Dyott* for appellant.

(1) By retaining an article purchased by contract
an unreasonable time, the vendee waives all defects.
He must act within a reasonable time or he will have
been deemed to have waived all defects and defenses
when asked to pay same. Taylor v. Short, 107 Mo.
384; Johnson-Brinkman Co. v. Railroad, 52 Mo. App.
408. (2) If the vendee agrees to pay for the article
purchased after the defects become apparent, he rati-
fies the contract, accepts the chattel, and waives de-
fects. Johnson-Brinkman Co. v. Railroad, 52 Mo. App.
414; Overton v. Brown, 63 Mo. App. 49; Steel & Wire
Co. v. Symmons, 110 Mo. App. 48; Groff v. Foster, 67
Mo. 520; Water Co. v. Aurora, 129 Mo. 540; Shepard
Co. v. Richman, 112 Mo. App. 299. By virtue of the
first instruction the jury were deprived of considering
the foregoing conclusions of law. (3) Because of the
uncontradicted evidence of the defendants, and their
written admissions, adverse to their position it is the
duty of the appellate court to pass upon the evidence
as a matter of law. Knurpp v. Wagner, 195 Mo. 662;
Comstock v. Flower, 109 Mo. App. 275; Young v. Van
Etta, 113 Mo. App. 550; Meier v. Proctor & Gamble,
81 Mo. App. 420.

*N. B. Wilkerson* for respondent.

If the article which forms the consideration of the note be worthless for the purpose for which it was purchased, the consideration has wholly failed, although it may be of some value for another purpose. And the court well states in that case: How far the evidence establishes this fact is a question for the jury. Ferguson v. Houston, 6 Mo. 407; Murphy v. Allison, 37 Mo. —— ; Compton v. Parsons, 76 Mo. 455; Brown v. Weldon, 27 Mo. App. 251 and 99 Mo. 564; Keystone Implement Co. v. Leonard, 40 Mo. App. 477. Where the jury has rendered a verdict upon the evidence in a case, the appellate court will not disturb its finding. Coleman v. Forrester, 163 S. W. Rep. 263; Hoover v. City of Fulton, 163 S. W. Rep. 292.

STURGIS, J.—This is a suit on several promissory notes, all dated June 30, 1911, and payable at monthly intervals, given by defendants in payment of a machine for tightening and setting wagon and buggy tires without heating same and designated as a Brooks' Cold Tire Setter. The suit was commenced in a justice of the peace court on March 9, 1912, and was removed to and tried in the circuit court at the August term, 1913. The tire setting machine in question was purchased from plaintiff by defendants under a written contract containing the stipulations that: "Should we (purchasers) be unable to make the machine work according to warranty, we agree to write the company (plaintiff), fully explaining in what way the work is not according to warranty, and we further agree to hold the machine and take good care of it until the company instructs us in its operation, or if they deem it advisable, sends a representative to make a demonstration. Failure to notify the company within ten days after receipt of machine shall be an acknowledgment that the machine does the work according to

warranty." The warranty referred to is as follows: "We warrant each machine to be well made of good material, and to set and reset tires that are in a serviceable condition (designating the sizes, etc.), and will do the work as well as is possible by any other method or with any other machine if operated according to instructions. We agree to replace for one year any parts showing defective material or workmanship."

The defense which the defendants made to the notes is a failure of consideration and there was evidence to prove that the machine would not do the work it was designed to do; that it was a failure and worthless as a tire setting machine. There was evidence to the contrary on this proposition. There is no claim that there were any defects peculiar to this particular machine, the claim being that no machine of this character and make, constructed and operated on the plan of this one, could be made to do the work it was designed to do. Some witnesses testified, however, that like machines would and did work well and were a success.

The defendants testified that this machine would not and did not do the work it was intended to do from the start and that they ascertained this in a few days after it was received. They admitted, however, that they did not in any manner write to or notify the plaintiff that the machine was not working properly or that they had any fault to find with it; that they retained it and kept on using it until this suit was brought. The machine was received about the date of the contract, June 30, 1911; the defendants retained and used same without complaint to plaintiff and paid the first note when it became due August 1st, thereafter. The notes were at a local bank for collection and the first letter or communication or notice to plaintiff as to defendants paying or not paying the notes is a letter from them to plaintiff dated November, 27, 1911, in answer to one urging payment, saying that defendants

had been trying to collect their accounts but had not been able to get any money; that they could not do anything in the way of paying now; that they had not made $5 with the machine; that it is a dead loss and that they are willing to send the machine back at any time as they could do nothing with it in this country. There is nothing in this letter intimating that the machine did not work satisfactorily or that it was defective in any way. The next communication from defendants to plaintiff, written for a similar reason, is a letter dated December 19, 1911, saying: "Yours of recent date threatening to place a judgment on us for the amount we owe. We are sorry but we have tried to collect what is due us, so far it is only promises. So now, if you can wait thirty days we can pay you what is due, as we are going to sell some stock and get out of debt." As will be noted, this letter was written more than six months after the machine was received by defendants.

The only excuse given by defendants for not notifying the plaintiff that the machine in question was not working right or would not do the work intended is that a Mr. Wright, at the bank, said to them that it would do no good. This must have been after the first note was paid. The first knowledge that plaintiff had that the defendants were claiming that the machine in question would not do good work and was worthless was after this suit was brought.

It is clear that defendants utterly failed in making any defense to these notes. They admitted the execution of the notes and the written contract containing the warranty and conditions above set out. They admitted they did not comply with the written stipulations, which is in the nature of a condition precedent, to the effect that if they were unable to make the machine work according to warranty, they would write the company, fully explaining in what way the work is not according to warranty, would hold the

machine and take care of it until the company could instruct them in its operation or send a representative to make a demonstration. A failure to do this within ten days after the receipt of the machine was stipulated to be an acknowledgment that the machine does the work according to warranty.

The defendants rely in this case on the implied warranty that the machine sold would do the work it was intended for and that if it proved to be worthless for such and any purpose, the defendants could retain the same and plead a failure of consideration. It is well settled, however, that where there is a special contract of warranty, imposing conditions precedent, it takes the place of a like or inconsistent implied warranty and that defendants cannot plead and prove a failure of the implied warranty and thereby escape the performance of the conditions precedent. A failure of consideration under an implied warranty of the goodness of the thing sold cannot be set up so as to do away with the terms of a special contract which the parties to the sale have seen fit to make for their government in case the thing sold turns out to be defective or worthless. [Boyer v. Neel, 50 Mo. App. 26, 35; Wood Machine Co. v. Bobbst, 56 Mo. App. 427; Machine Co. v. Gasperson, 168 Mo. App. 558, 571, 153 S. W. 1069.] It is well-settled law that where there is a written warranty with conditions precedent annexed thereto, that defendant is bound to said conditions; and to make a defense of failure of consideration available the defendant must prove a compliance on his part with all the conditions imposed. [Nichols-Shepard Co. v. Rhoadman, 112 Mo. App. 299, 308, 87 S. W. 62; Nichols, Shepherd & Co. v. Larkin, 79 Mo. 264; Machine Co. v. Gasperson, supra.] Whenever machinery is sold on a written contract with warranty and stipulations as to what the buyer must do in order to take advantage of such warranty, then failure of consideration, either in whole or in part, cannot be

availed of as a defense without showing a compliance with such conditions. In Bank v. Barts, 130 Mo. App. 635, 109 S. W. 1057, machinery was sold with a written warranty and stipulation for giving notice and returning the machinery in case of defects or failure to work. The defendant proved that it did not work properly but conceded that he did not return it as required by the written contract. The court held that it was the duty of the purchaser to return the machine as the contract specified and that this was a condition precedent to his right to recover. The court quotes from Nichols-Shepard Co. v. Rhoadman, supra, as follows: ''In a sale of chattel with warranty accompanied by stipulation making the warranty conditional upon certain acts of the purchaser, it was incumbent upon the purchaser to show the fulfillment of the condition before he could hold the vendor liable on the warranty.'' In Gaar-Scott & Co. v. Nelson, 166 Mo. App. 51, 66, 148 S. W. 417, machinery was sold on a like written agreement with stipulation providing for notice to the company of any defect within six days after receipt of same. No such notice was given and though defendants proved that the machinery would not do proper work, the court said: ''Before defendants could invoke the warranty they should have shown compliance upon their part with the conditions, which are conditions precedent to be performed by defendants before any liability whatever attached to plaintiff. The performance of those conditions was essential to a defense against the contract, which depended upon the alleged breach of the warranty.'' Under facts similar to the present case, the court in that case also ruled: ''It is in evidence in the case at bar that these defendants not only did not avail themselves of the provisions and did not comply with the terms of the contract which they had deliberately entered into, but the correspondence as far as introduced in evidence, or as offered, so far from repudiating the

machinery or turning it back or drawing out of the bargain for any cause, distinctly recognizes the existence of the contract, the receipt of the machinery and asks for an extension of time for the payment of it. The defendants kept and used all this machinery through two or more seasons. These are estoppels against defendants from now refusing to pay for the machinery. [Nichols-Shepard Co. v. Rhoadman, supra.]'' See also Steel & Wire Co. v. Symons, 110 Mo. App. 41, 48, 83 S. W. 78.

Plaintiff did not, however, ask a peremptory instruction, to which it was clearly entitled, to find for plaintiff and the trial court cannot be convicted of error for not giving same of its own motion. Instead of so doing, the plaintiff submitted the case on an instruction as to a partial failure of consideration and permitting the jury to find for plaintiff in an amount equal to the difference between the contract price and the real value of the property. It is suggested that as plaintiff adopted this theory in the trial court, it ought to be bound by the same in this court. There is considerable force in this suggestion, though we do not know of any case where defendant utterly failed in making a defense and his admissions and the documentary evidence clearly showed that plaintiff is entitled to recover, that a verdict for defendant was sustained because the plaintiff adopted a wrong theory in his instructions. However this may be, we find that the court, at defendants' instance, gave an instruction to the effect that the evidence that defendants did not offer to return the machine until some time after the several notes given for the purchase price became due and suit was threatened could not be considered by the jury for any purpose except in determining whether the machine was efficiently and *satisfactorily* doing the work which it was guaranteed to do. Under the evidence in this case, this instruction is clearly wrong. The written warranty which governs this case was not

to the effect that the machine would do the work efficiently and satisfactorily. The defense made did not go to the question of the machine doing the work efficiently and satisfactorily, but that the machine was utterly worthless and would not do the work at all. Where defendants had contracted that if the machine did not work according to the warranty and that they would notify the company within ten days if same did not comply with the warranty, and a failure to do so would be an acknowledgment that the machine did work according to the warranty and the evidence showed that the defendants kept this machine and used it for some eight or nine months without any complaint whatever, it was certainly misleading and contrary to the law as herein declared to tell the jury that such facts could only be considered for the purpose of determining whether the machine was efficiently and satisfactorily doing the work which it was guaranteed to do.

It results that the case will be reversed and remanded.

*Robertson, P. J.*, concurs. *Farrington, J.*, concurs.