## 10713

### MURRAY CO. v. PEACOCK *ET AL.*

(109 S. E. 121)

1. Sales—Parties Bound By Time Limit For Notice of Defects Under Warranty.—Where warranty of cotton gin required notice as to defective parts within 10 days from beginning of operation, the.

buyer could not avail himself of the warranty where he failed to give notice within such time.

2. SALES—EXPRESS WARRANTY LIMITS WARRANTY TO THAT EXPRESSED.— An express warranty excludes an implied warranty.

3. SALES—NOTICE OF DEFECTS UNDER WARRANTY HELD NOT WAIVED.— Under a warranty of cotton gin requiring notice as to defective parts to be given within 10 days, that seller sent a man to inspect the gin, and to fix it after the 10 days had expired, *held*, under the terms of the contract, not a waiver of notice within that time.

Before BOWMAN, J., Barnwell, 1920.    Affirmed.

Action by The Murray Co. against E. D. Peacock.    From judgment for plaintiff the defendant appeals.

*Messrs. Brown & Bush,* for appellant, cite:    *Aside from the express warranty in the contract is the implied warranty of a sound price and a sound commodity*: 3 Strob., 64; 1 McC., 421; 12 S. C., 586; 102 S. C., 295.    *Affirmation of quality by the seller is a warranty*:    80 S. C., 279.    *Seller by his acts may waive notice of defects*:    35 Cyc., L. & Proc., 427.

*Mr. M. M. Mann,* for respondent, cites:    *Warranty not void as against public policy*:    9 Cyc., 483; 62 S. C., 145; 71 S. C., 508; 85 S. C., 405.    *Ten-day notice of defects required was reasonable provision*:    105 S. C., 520; 108 S. C., 411.    *No waiver by work done after the ten-day period*:    105 S. C., 524.

*Messrs. Harley & Blatt,* for respondent, cite:    *Exceptions improperly drawn*:    114 S. C., 332.    *Parol testimony not competent to vary written instrument*:    24 S. C., 128; 1 Greenl. Ev., 227; 103 S. C., 494.    *Contract not against public policy*:    6 R. C. L., 707; 35 A. L. R., 793; 103 S. C., 494; 108 S. C., 131.    *Parties presumed to know effect of contract*:    103 S. C., 494.    *And cannot plead false representation as to legal effect*: 101 S. C., 235.    *No waiver*: 40 Cyc., 258; 55 A. L. R., 837; 105 S. C., 520; 65 S. E., 30; 62 S. E., 160.    *Evidence as to the machine after breach*

*of the contract properly excluded*: 69 S. C., 100. *Notice of defects not given within ten days, there can be no recovery on the breach of warranty*: 18 A. L. R., 348; 72 S. E., 40.

September 28, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for the credit portion of a cotton gin. The defendant admits the execution of the notes sued on, but sets up failure of consideration, and a counterclaim for damages for defective ginning. The defendant claims that the ribs of the gin were so far apart that the seed passed between them and "seeded" the cotton; that he did not discover the defect until he offered 88 bales of cotton for sale, and then he found that the seeded cotton was worth three and one-half cents per pound less than properly ginned cotton. The gin was sold under a written contract, which contained an express warranty, limiting its liability to defective parts, and required notice in writing, or by telegraph, to the home office within ten days. The plaintiff obligated itself to supply defective parts of which it had notice within ten days from the time the defendant began to operate the gin.

The defendant admitted the execution of the notes sued on. The defendant did not show notice within ten days, or indeed for some six weeks after the operating began, and only then by inference from the fact that the plaintiff sent a man to inspect and help to put the gin in order after the defect was discovered. At the close of the evidence, the Judge directed a verdict for the notes, less the price of the defective parts, and there being no evidence of the price of the defective parts, the jury found for the plaintiff the whole sum sued for. There are seventeen exceptions, but the appellant says he will argue only three or four questions.

I. The appellant asks, Was there a breach of warranty? So far as the record shows, there seems to have been. The contract which the defendant signed gave the defendant only ten days in which to notify the plaintiff, and the defendant did not avail himself of this protection. That the parties are bound by the time limits set in their contract is fully decided in *Westinghouse Electric & Manufacturing Co. v. Glencoe Cotton Mills*, 106 S. C., 133; 90.S. E., 526. The appellant claims that the defect was latent and the appellant did not know of it. The case just cited is full to that point also. The first question must be decided adversely to the appellant.

II. The next question is as to the implied warranty. An express warranty limits the warranty to that expressed. This point cannot be sustained.

III. The third question is as to the effect of the ten days' notice. That is binding on the appellant, as we have seen. The Courts cannot make contracts for people. The appellant expressly agreed to the ten days for trial and notice, and is bound by it.

IV. The appellant claims that there is a question of waiver of the ten days' notice from the fact that the plaintiff sent a man to inspect the gin and fix it after the ten days had expired. The contract provides:

"Failure to make such trial, or to give such notice, or use after ten days without such notice, or use for any ten days without such notice, shall be conclusive evidence of the fulfilment of the warranty if the Murray Company shall, at the request of the purchaser, render assistance of any kind in operating said machine, or any part thereof, or in remedying any defects at any time; said assistance shall in no case be deemed an acknowledgment on its part of a breach by it of this warranty, or a waiver

of, excuse for, any failure of the purchaser to fully keep and perform the conditions of this warranty."

This point also must be determined against the appellant. The judgment is affirmed.