CHARLES v. LOCASIO, JR., APPELLANT, v. FORD MOTOR CO., A CORPORATION, RESPONDENT.—203 S. W. 2d, 518.

Kansas City Court of Appeals. Opinion delivered June 16, 1947.

*Clif Langsdale* and *John J. Manning* for appellant.

*Madden Freeman Madden & Burke, John G. Madden* and *William K. Atwood* for respondent.

SPERRY, C.—This is an appeal by Charles V. Locasio, Jr., plaintiff below, from an order sustaining a motion of defendant, Ford Motor Company, a corporation, to dismiss plaintiff's amended petition, and dismissing his cause.

In his original petition plaintiff alleged that he was employed by defendant, on or about November 30, 1937, and that he remained continuously in such employment, except as stated in the petition; that on or about June 20, 1941, defendant and the U. A. W. — C. I. O., a labor union organization, entered into and executed a written collective bargaining agreement for the benefit of defendant's employees, including plaintiff, covering their hours, wages and working conditions; that plaintiff accepted the benefits of said agreement; and that said agreement contained, among other provisions, the following:

" ' (45) When there is any decrease in force, the following procedure shall be followed:

" (a) Employees having no seniority shall be laid off.

"  (b) Should there be a further decrease in force, all employees hired after June 20, 1941, shall then be laid off by seniority.

"(c) Should there be a further decrease in force, the hours of work shall be reduced to 32 hours per week in the seniority unit affected. In the event it is found impractical to institute a 32-hour week due to retooling of a plant or because of diversifications of work or for similar reasons, deviations from this section may be made by mutual agreement between the Union and the Company.

"  (d) Should there be a further decrease in force, employees will be laid off according to seniority in order to maintain the thirty-two hour week.

"  (e) The order of layoff and rehiring shall be governed by, first, seniority of employment, and second, ability. The Company shall consult with the Union before deviating from strict seniority except where prior consultation is rendered impracticable because of a sudden interruption or resumption of work. Should there be any dispute involving the application of this clause, it shall be subject to joint determination through the grievance procedure.

"(46) For the purpose of rehiring, the procedure as stated in the above paragraphs shall be followed in reverse order.' "

Plaintiff further alleged that, on or about August 16, 1941, defendant reduced its working force and, in violation of the terms of said agreement, laid plaintiff off of work and retained in active employment persons of lesser seniority, and failed to re-hire plaintiff until on or about September 1, 1943, to his damage in the amount of $3000.

To this petition defendant filed a motion to dismiss on the grounds that said petition failed to state a claim upon which relief could be granted; and defendant also filed a motion to require plaintiff to make the petition more definite in certain specified respects.

The court sustained the latter motion and took the motion to dismiss under advisement.

Thereafter, plaintiff filed his amended petition, wherein he made, in effect, the same allegations as were contained in his original petition except that he alleged that defendant retained on its payroll employees of lesser seniority *and no greater ability,* and set out the following provisions of the collective bargaining agreement, to wit:

" '(45) When there is any decrease in force, the following procedure shall be followed:

" (a) Employees having no seniority shall be laid off.

"(b) Should there be a further decrease in force, all employees hired after June 20, 1941, shall then be laid off by seniority.

\* \* \* \* \* \*

" (e) The order of layoff and re-hiring shall be governed by, first, seniority of employment and second, ability. The Company shall consult with the Union before deviating from strict seniority except where prior consultation is rendered impracticable because of a sudden interruption or resumption of work.

" (46) For the purpose of re-hiring, the procedure as stated in the above paragraphs shall be followed in reverse order.' "

It will be noted that paragraphs "c" and "d," and a part of paragraph "e" of the bargaining agreement, as pleaded in the original petition, are omitted from the amended petition.

Thereafter, defendant filed motion to dismiss the amended petition, which motion was, by the court, "sustained for the reasons stated in the motion."

In its motion to dismiss the amended petition. which motion defendant refers to as a "speaking motion," defendant stated:

" \* \* \* \* \* \*

### III.

Defendant states that its principal ground and basis of its Motion to Dismiss the original petition herein was that said petition, although it disclosed that all disputes affecting seniority should be determined by the grievance procedure therein mentioned, nevertheless failed to allege either compliance or reason for noncompliance with such procedure and therefore failed to establish a legal prerequisite to the institution of suit. Defendant states that the issue as to whether the exhaustion of union grievance remedies is a condition precedent to the maintenance of this action is a decisive issue on the pleadings.

" \* \* \* \* \* \*

### V.

\* \* \* Defendant respectfully shows the Court that said first amended petition, like the original petition, contains no allegations showing compliance with union grievance procedure and therefore fails to show a condition precedent to the right to institute this action.

" \* \* \* \* \* \*

### VI.

\* \* \* Defendant respectfully shows to the Court that the determinative facts here involved—the existence of a union grievance procedure, and a mandatory provision requiring compliance therewith—are not only uncontroverted but are affirma-

tively shown from those portions of the bargaining agreement pleaded in plaintiff's original petition."

Prior to adoption of our new Civil Code the courts of Missouri did not recognize a speaking demurrer. Gentry v. Monarch Transfer & Storage Company, 323 Mo. 562, 20 S. W., 2d, 60, 1. c. 62. Such a demurrer raised no question as to the sufficiency of the petition.

Under our new Civil Code, however, a motion, in a proper situation, may perform the function of a "speaking demurrer." Hamilton v. Linn, 200 S. W. 2d, 69, 1. c. 71. Such a motion might, not improperly, be referred to as a "speaking motion," since demurrers are no longer recognized by that name.

However, no evidence was received in support of the motion and the allegations therein contained do not prove themselves. Hamilton v. Linn, supra. Defendant contends that the facts alleged in the motion are uncontroverted and that those facts, when considered together with that portion of the bargaining agreement pleaded by plaintiff in his original petition, establish, as a fact, that submission of the dispute between plaintiff and defendant regarding application of the seniority rules regarding layoffs and rehiring, in this case, was a condition precedent to the institution of this suit.

The provision of the bargaining agreement, compliance with which defendant contends constitutes a condition precedent to the institution of this suit, is not contained in the amended petition. The amended petition was the only plaintiff's pleading before the court, when the court ruled the motion to dismiss said amended petition. New First National Bank v. C. L. Rhodes Produce Company, 332 Mo. 163, 58 S. W. 2d, 742. The original petition was abandoned when the amended petition was filed and, unless it had been introduced in evidence, which it was not, it could not have been considered for any purpose. 41 Am. Jur. pages 507, 508; Leis v. Massachusetts Bonding & Insurance Company, 125 S. W. 2d, 906, 1. c. 908.

Furthermore, it does not appear, from the provisions of the contract that are set out in the original petition, that compliance therewith, (if there is, in fact, a "grievance procedure" provided elsewhere in the contract) is a condition precedent to the institution of a suit based on the contract. A "joint grievance procedure," whatever that may mean, may be, somewhere in the contract, set out in detail; but the petition does not disclose whether or not it is so set out. The terms and provisions of said "joint grievance procedure," if such procedure is provided, are not given. Nothing appears in either petition relative to whether or not such procedure is the sole remedy of plaintiff, or whether or not resort thereto must be had *before* resort to court action. Therefore the petition does not show on its face that plaintiff has failed to comply with a contractual obligation in the nature of a condition precedent to the filing of this suit.

Defendant's motion contains detailed allegations covering the existence and the terms of the grievance procedure which, it says, is specifically provided for in the contract. However, the contract itself is not set out in the motion, nor is a copy thereof attached. No evidence was received in support of the motion. That part of the contract which, defendant contends, makes submission of any dispute over application of seniority rules (it does not appear in the petition that there was any dispute whatever concerning the application of the rules regarding seniority, as they affect layoffs and rehirings, merely a failure to apply them) is not set out in the motion. At most, defendant merely pleads its conclusion, to the effect that submission to the grievance procedure was a condition precedent to filing this suit. It pleads no provision of the contract wherein such procedure is stated or required.

None of the pleadings herein contain averments of facts showing the existence and provisions of a grievance procedure. Absent an allegation in the petition of facts amounting to an admission of the existence of a "grievance procedure" in the contract, and of a provision requiring resort thereto prior to institution of suit, or of such allegations, and proof thereof, in the motion, defendant's contention here made must fail in its entirety; and so it is ruled.

The judgment should be reversed and the cause remanded. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded.