William C. DUGAN d/b/a Dugan Equipment Company, Plaintiff-Respondent,

v.

Ora TROUT, Defendant-Appellant.

William C. DUGAN d/b/a Dugan Equipment Company, Plaintiff-Appellant,

v.

Ora TROUT, Defendant-Respondent.

Nos. 7233, 7234.

Springfield Court of Appeals. Missouri.

Sept. 23, 1954.

C. A. Powell, Dexter, for William C. Dugan.

Briney & Welborn, Bloomfield, for Ora Trout.

STONE, Judge.

On the first count of his petition, plaintiff sought judgment for $1,683.49, with interest and attorney's fee, upon a matured promissory note dated February 5, 1952, and given by defendant to plaintiff in payment of a prior note dated August 21, 1951, which had been executed in part payment of the purchase price of $2,685 for a new Minneapolis-Moline self-tying hay baler purchased by defendant from plaintiff, an implement dealer. On the second count of his petition, plaintiff sought to replevy the hay baler by virtue of condition broken in

the chattel mortgage given to secure payment of the note dated February 5, 1952. Defendant admitted execution of said note and chattel mortgage and "that no portion of the principal or interest has been paid," but averred that there had been "a total failure of consideration." The jury returned verdicts finding for plaintiff in the sum of $1,000 on Count I but finding "that the defendant is entitled to the possession of the hay baler" on Count II. The court thereafter overruled plaintiff's timely after-trial motion (under Section 510.290) for judgment in accordance with his motions for directed verdicts filed at the close of all of the evidence, but plaintiff's alternative motion for new trial was sustained as to both counts "because the two verdicts are inconsistent and contradictory." (All statutory references are to RSMo 1949, V.A.M.S.) Defendant, who filed no after-trial motion, appealed from the order sustaining plaintiff's motion for new trial. Section 512.020. Plaintiff filed notice of appeal "from the order and judgment * * * overruling the motion of plaintiff for judgment on Counts I and II * * * in accordance with his motions for directed verdict at the close of all the evidence."

■ Appeals are permitted only when allowed by statute [Tucker v. Miller, 363 Mo. 820, 253 S.W.2d 821, 823(1); Wicker, v. Knox Glass Associates, 362 Mo. 614, 242 S.W.2d 566, 571(8)]; and, there being no statutory provision for appeal from an order overruling an after-trial motion for judgment, plaintiff's appeal must be dismissed.[1] However, since the case is properly before us on defendant's appeal, we shall, in keeping with the spirit and purpose of our Civil Code (Section 506.010) and in the interest of minimizing the possi-

bility of error following remand, consider the basic questions, which are inherent upon this appeal[2] [Section 512.160(1); 42 V.A.M.S. Supreme Court Rule 3.23], as to the sufficiency of defendant's amended answer to state a legal defense and as to whether a submissible case was made on defendant's plea of failure of consideration, which was an affirmative defense [Section 509.090; Smith v. Ohio Millers' Mut. Fire Ins. Co., 320 Mo. 146, 6 S.W.2d 920, 927].

Defendant, a farmer who did custom hay baling, purchased the hay baler here in controversy from plaintiff under a "Purchaser's Order Form" dated August 21, 1951, and signed by both parties, in which it was agreed "that the above-described machinery is sold by the Dealer (plaintiff) and bought by the Purchaser (defendant) under the terms of the warranty shown on the back of this order form." The pertinent provisions of the written warranty are: .

"All new machinery described herein is warranted by the Dealer to perform the work for which it is intended when properly set up and operated under favorable conditions. This warranty is given upon the express condition that within three (3) days after first use the Purchaser shall give notice in writing to the Dealer, stating in what respects the machine has failed to fulfill the warranty. (Failure to give notice within such period shall be a waiver of this warranty and any assistance rendered thereafter shall not extend or revive it.) The Dealer shall be allowed a reasonable time after receipt of such notice to remedy the defect, if any, and the Purchaser agrees to render friendly assistance. If the

1. Stith v. St. Louis Public Service Co., 363 Mo. 442, 251 S.W.2d 693, 695(4), 34 A.L.R.2d 972; Bailey v. Interstate Airmotive, Inc., 358 Mo. 1121, 219 S.W. 2d 333, 335(1), 8 A.L.R.2d 710; Luethans v. Lahey, Mo.App., 237 S.W.2d 209; Shoush v. Truitt, Mo.App., 235 S.W.2d 859, 861(2); Vendt v. Duenke, Mo. App., 210 S.W.2d 692, 699(6); Carr on "Missouri Civil Procedure", Vol. 2, Section 1184, 1952 pocket part, page 143.

2. In this connection, see concurring opinion of Hyde, P. J., in Stith v. St. Louis Public Service Co., supra, 251 S.W.2d loc. cit. 702–704; Lilly v. Boswell, 362 Mo. 444, 242 S.W.2d 73, 77(10, 11); Bailey v. Interstate Airmotive, Inc., supra, 219 S.W.2d loc. cit. 336(3); Osborn v. Chandeysson Electric Co., Mo., 248 S.W.2d 657, 661; Wood v. St. Louis Public Service Co., Mo., 228 S.W.2d 665, 666 (1), 17 A.L.R.2d 868.

machine cannot be made to fulfill the warranty and the Purchaser promptly returns it to the Dealer at his place of business, the Dealer will either furnish another machine with the same warranty, or at his option refund the amount paid, which shall constitute a settlement in full of all claims of every nature, the Dealer's liability being expressly limited to replacing the machine, or at his option refunding the purchase price. * * * The Dealer makes no representations, warranties, or conditions, expressed or implied, statutory or otherwise, except those herein contained."

Defendant gave no written notice to plaintiff; but, "within three (3) days after first use" of the baler he called plaintiff over the telephone and "he (plaintiff) come out there next morning," at which time "I (defendant) told him it just wouldn't tie no way, you just couldn't get it to work" and "I said, 'Bill, you will have to take this baler back, it just won't work.'" According to defendant, plaintiff's reply was, "Well, Mr. Trout, when the paint gets off of it and gets limbered up it will be fine." After that, plaintiff and one of defendant's sons "got it working." Defendant's evidence showed that plaintiff had adjusted the wire tension self-tying mechanism of the baler at various other times and places during the 1951 and 1952 seasons (although the record does not reflect the number or dates of such adjustments or the conversation between the parties on any such occasion); that defendant and his sons also attempted to adjust the self-tying mechanism from time to time in accordance with plaintiff's instructions; but, that the baler would get out of adjustment frequently. The difficulty was that the wire would fail to tie or would break, and that many of the bales would have "just one wire on them" or "come out whole" (i. e., with no wire around them) and would have to be rerun through the baler. Plaintiff explained that the wire tension on a self-tying baler must be adjusted according to the type and weight of the hay being baled because "on an automatic baler you have no blocks * *

it has to use these wires as blocks"—"if you have got too much slack * * * in the wire, then you will foul up the knotter" and "if you have them (the wires) too tight and you get into * * * heavy or wet hay, then you have to give them slack" to avoid breaking the wires.

When defendant failed to pay the secured note of $1,611 which had been executed at the time of purchase, i. e., on August 21, 1951, defendant (at plaintiff's request) went to plaintiff's office on February 5, 1952. Defendant's version of his conversation with plaintiff at that time was: "I said, 'Bill, this baler ain't baling hay, and you know it. * * * It won't never bale hay unless something else is done.' Well, Bill said 'It's full of paint, Mr. Trout; * * * when you get the paint all off of it it will go right on * * * you sign this paper and if it don't I will take it back.'" Plaintiff's version of what occurred on February 5, 1952, was that "the only thing that he (defendant) said * * * (was) 'I just can't pay for it (the baler); * * * if you have to, just come and get it; I never let anything go back in my life, and I don't want to do this, this time'; so * * I (plaintiff) suggested we might refinance it; and he said 'well, if you can do something like that, why that's fine.'" In any event, defendant then executed a new note for $1,683.49 (which included accrued interest on the prior note) and another mortgage on the baler, which he kept and thereafter used more in 1952 than he had in 1951.

■■ As stated in his amended answer, defendant's plea of "a total failure of consideration" was "that said hay baler was represented by the plaintiff to be suited for the purpose of baling hay; that the plaintiff knew that the defendant intended to use said hay baler for the purpose of baling hay; that the defendant relied upon plaintiff's representation that said baler was suitable for baling hay; (and) that said hay baler is wholly insufficient and is wholly useless for the purpose of baling hay." For the purposes of this opinion, we *assume* in accordance with defendant's con-

tention, *without however so deciding,* that defendant thereby pleaded breach of the *express written warranty* that the hay baler would "perform the work for which it is intended (i. e., the baling of hay) when properly set up and operated under favorable conditions." This express written warranty was not unqualified and absolute (W. L. Fleisher & Co. v. Cornwell, 328 Mo. 998, 43 S.W.2d 423, 427) but was what has been called from an early date a *conditional* warranty (Nichols, Shepherd & Co. v. Larkin, 79 Mo. 264, 270; Boyer v. Neel, 50 Mo.App. 26, 29). And, there is impressive unanimity of judicial authority for the well-established proposition that, before the purchaser of a chattel can recover damages or make a defense of failure of consideration for alleged breach of an express written warranty, he must plead and prove either compliance with, or waiver of, all valid conditions precedent to be observed and performed by him.[3] This is in harmony with the equally well-settled principle in the law of contracts that one cannot recover for breach of contract without alleging and proving performance of all conditions precedent or sufficient excuse for non-performance.[4]

 Since defendant failed to *plead* either compliance with, or waiver of, the conditions precedent imposed upon him by the express written warranty, we are of the opinion that defendant's amended answer was insufficient, under the facts of the instant case, to have permitted his affirmative defense of failure of consideration which was wholly predicated upon alleged breach of the express written warranty.[5] In so concluding, we are not unmindful of the statutory injunction that "all pleadings shall be so construed as to do substantial justice." Section 509.250; DeVault v. Truman, 354 Mo. 1193, 194 S.W.2d 29, 32. "But the pleadings continue to be of the greatest utility in defining the issues of a case" (Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S.W.2d 25, 28); and, examination of a long and unbroken line of authorities (some of which are cited in footnote 3) impels the belief that it would be improvident to dispense with the time-honored requirement that *either compliance or waiver must be pleaded and proved.* The wisdom of this is, we think, well demonstrated in the instant case, where, absent any averment of either compliance or waiver in his amended answer, defendant argues the case on appeal on both theories, although the concepts of compliance and waiver are inconsistent with, and antagonistic to, each other. *Compliance* with the conditions precedent in the warranty contract necessarily would imply *action by defendant in accordance with those conditions.*[6] *Waiver* would

---

3. W. L. Fleisher & Co. v. Cornwell, 328 Mo. 998, 43 S.W.2d 423, 427(2, 3); Yerxa, Andrews & Thurston v. Randazzo Macaroni Mfg. Co., 315 Mo. 927, 288 S. W. 20, 36–37(13, 14); McCaskey Register Co. v. Link, Mo.App., 242 S.W.2d 281, 284(1); Russell & Co. v. Legg, Mo. App., 10 S.W.2d 326, 327(1); Columbia Weighing Mach. Co. v. Young, 222 Mo. App. 144, 4 S.W.2d 828, 830; Bank of Polk v. Wood, 189 Mo.App. 62, 173 S.W. 1093, 1095(5); Brooks Tire Mach. Co. v. Wells, 182 Mo.App. 50, 167 S.W. 604, 605–606(2); Acme Harvesting Mach. Co. v. Gasperson, 168 Mo.App. 558, 153 S.W. 1069, 1074(4); Gaar, Scott & Co. v. Nelson, 166 Mo.App. 51, 148 S.W. 417, 421(5); Jasper County Bank v. Barts, 130 Mo.App. 635, 109 S.W. 1057; Nichols-Shepard Co. v. Rhoadman, 112 Mo.App. 299, 87 S.W. 62, 64(1).

4. Basye v. Ambrose, 32 Mo. 484; Proctor v. Gentry, Mo.App., 214 S.W.2d 746, 748

(3); Globe American Corporation v. Miller Hatcheries, Mo.App., 110 S.W.2d 393, 396(1); Streib v. Local Lodge No. 27 of International Brotherhood of Boiler Makers, etc., Mo.App., 40 S.W.2d 519, 521(3); Thompson v. Stearns, 208 Mo.App. 338, 234 S.W. 1059, 1060(2); Hughes & Thurman v. Dodd, 164 Mo. App. 454, 146 S.W. 446, 447(3); Iola Portland Cement Co. v. Ullmann, 159 Mo.App. 235, 140 S.W. 620, 626(5); Ricketts v. Hart, 73 Mo.App. 647, 653 (1); Connelly v. Priest, 72 Mo.App. 673, 678–679(3); 17 C.J.S., Contracts, § 537, page 1168; Id., § 538a, page 1170.

5. See cases cited in footnote 3, supra.

6. "Compliance" is "a yielding to or acting in accordance with a * * * condition." Funk and Wagnalls New Standard Dictionary of the English Language, 1952. See also Black's Law Dictionary, 4th Ed., p. 357; Dragwa v. Federal La-

imply *intentional relinquishment by plaintiff of the known rights conferred* by the conditions precedent,[7] thereby *excusing defendant's non-performance* of those conditions. So it has been held that proof of waiver is not competent under a plea of compliance [Nichols, Shepherd & Co. v. Larkin, supra, 79 Mo. loc. cit. 271–272; Iola Portland Cement Co. v. Ullmann, 159 Mo.App. 235, 140 S.W. 620, 626(6)], and that a lack of necessity for performance may not be shown under a plea of performance [Fisher v. Payton, Mo.App., 219 S.W. 2d 293, 295–296(4)].

We also are of the opinion that, viewed in the light most favorable to defendant, the evidence did not justify submission of his affirmative defense on the theory of either compliance or waiver. Defendant's sole verdict-directing instruction on Count I clearly shows that defendant there recognized that *two* conditions precedent had been imposed by the express written warranty, for that instruction required the jury to find, among other things, "that the defendant did, within three days after the first using of said baler, give notice to the plaintiff that said baler was not reasonably suitable for the purpose of baling hay" and "that within a reasonable time after discovering that said hay baler was not reasonably suitable for baling hay * * *, the defendant offered to return said baler to the plaintiff, and that the plaintiff refused to permit the defendant to return said baler to the plaintiff." Thus, defendant's trial theory was that he had *complied* with the *first* condition but that his compliance with the *second* condition had been *waived*. Having, in his submission below, interpreted the warranty contract as providing that return of the hay baler to plaintiff was a condition precedent to recoupment[8] but that non-performance of that condition was excused by plaintiff's alleged refusal to permit such return, defendant will not now be heard to urge that return of the baler was *not* a condition precedent to enforcement of the warranty. For, an appellate court will review a case only upon the theory on which it was submitted in the trial court. Welch v. NcNeely, Mo., 269 S.W.2d 871, 875(2); Nance v. Atchison, T. & S. F. Ry. Co., 360 Mo. 980, 232 S.W.2d 547, 551(2); Hutchison v. Thompson, Mo., 175 S.W.2d 903, 905(3). See and compare also Thornburgh v. Hunkler, Mo., 255 S.W.2d 975, 978(4).

We are not prepared to accept defendant's contention on appeal that the evidence in the instant case "shows a *compliance* with all the conditions of the warranty." For, passing *"the express condition* that within three (3) days after first use the Purchaser shall give *notice in writing * * *, stating in what respects the machine has failed to fulfill the warranty"* (as to which defendant's position apparently is that he *complied* by orally stating to plaintiff that "it just wouldn't tie no way"), there is nothing in the record to indicate even pretended *compliance* with the other condition precedent, i. e., prompt return of the baler to plaintiff "at his place of business" if it could not be made to fulfill the warranty. On the contrary, defendant's trial theory was, as we have noted, that performance of this condition precedent was *waived* because "plaintiff

bor Union No. 23070, 136 N.J.Eq. 172, 41 A.2d 32, 36.

7. Lucas Hunt Village Co. v. Klein, 358 Mo. 1054, 218 S.W.2d 595, 599(8, 9); Sutorius v. Mayor, 350 Mo. 1235, 170 S.W.2d 387, 396(11), 171 S.W.2d 69; Drannek Realty Co. v. Nathan Frank, Inc., 346 Mo. 187, 139 S.W.2d 926, 929 (5); Willibald Schaefer Co. v. Blanton Co., Mo.App., 264 S.W.2d 920, 925(5).

8. Although "(t)he right of recoupment has been much confused in our law with the rights of set-off and counterclaim, and the words are frequently used indiscriminately," a distinction should be observed. " * * * (B)y means of recoupment the defendant is allowed to avoid the contract which was made and substitute in its stead a quasi-contractual obligation for the value of what he has received." Williston on Sales (Rev.Ed.) Vol. 3, Section 605, pp. 333–335. For judicial definition of "recoupment", see Russell v. Empire Storage & Ice Co., 332 Mo. 707, 59 S.W.2d 1061, 1067(2).

refused to permit the defendant to return said baler." Thus, in the trial court, there was *no showing of compliance,* and for that matter *no claim of compliance,* with *both* of the conditions precedent which defendant there recognized and submitted.

■ Turning to the subject of *waiver,* that is a matter which must be pleaded affirmatively[9], with simple, concise and direct averment (Section 509.040) of the facts on which the pleader relies to establish the claimed waiver [Powell v. Dorton, 321 Mo. 639, 12 S.W.2d 453, 458(3)]. Although neither compliance nor waiver was pleaded in his amended answer, defendant points out that he "did plead waiver * * * in the defendant's answer to plaintiff's reply to defendant's counterclaim." A counterclaim for damages for alleged breach of warranty was filed; but, when it was dismissed "without prejudice" by defendant's counsel at the close of all of the evidence and before submission of the case to the jury, not only the counterclaim but also plaintiff's "Answer to Counterclaim" and defendant's "Reply to Answer to Counterclaim" were abandoned and dropped out of the case. The reporter properly omitted all of these pleadings from the transcript on appeal [Supreme Court Rule 1.04 (b)]; and, although by subsequent stipulation plaintiff's "Answer to Counterclaim" and defendant's "Reply to Answer to Counterclaim" (but not defendant's counterclaim, itself) have been supplied, none of these pleadings are "now appropriately before this court" [Weir v. Brune, Mo., 256 S.W.2d 810, 811(2); Lightfoot

v. Jennings, 363 Mo. 878, 254 S.W.2d 596, 597(3)] and, not having been introduced in evidence, none of them could be considered here for any purpose [Conduitt v. Trenton Gas & Electric Co., 326 Mo. 133, 31 S.W.2d 21, 24(1); Locasio v. Ford Motor Co., 240 Mo.App. 269, 203 S.W. 2d 518, 521(3); Shade v. Brinkopf, Mo. App., 119 S.W.2d 444, 446(2)]. Furthermore, since Section 509.400 requires that "(a)ll defenses and objections for which there is no provision for the raising of the same by motion shall be raised *in the responsive pleading"* and since Section 509.090 provides that waiver or "any other matter constituting an avoidance or affirmative defense" shall be set forth affirmatively *"in pleading to a preceding pleading,"* any affirmative matter by which defendant seeks to defeat plaintiff's recovery should be pleaded in the answer, and not in a pleading wholly unresponsive to the petition.

We have not overlooked defendant's further contention on appeal that "the case was tried below on the theory of an express written warranty, of a breach thereof, and *waiver* of the conditions of the express warranty—therefore, the case is before this court on that theory." However, as we have pointed out, defendant himself did not try and submit the case on the theory of *waiver* of *both* conditions precedent recognized by him but rather on the theory of *compliance* with the first condition and *waiver* of the *second.*

Bearing in mind that the parties themselves contracted, as they had the right to do (Walter A. Wood Mowing & Reaping

9. Section 509.090; Drannek Realty Co. v. Nathan Frank, Inc., supra, 139 S.W. 2d loc. cit. 929(8); Gray v. Cooper, 217 Mo.App. 592, 274 S.W. 941, 945(9); International Harvester Co. v. Burch, Mo.App., 213 S.W. 493, 495(1); Roaring Fork Potato Growers v. C. C. Clemons Produce Co., 193 Mo.App. 653, 187 S.W. 617, 619(5); Metropolitan St. Ry. Co. v. Broderick Rope Co., Mo.App., 182 S.W. 765. The instant case is not within either of the two recognized exceptions, i. e., that waiver need not be pleaded in actions on contracts of insurance [Thompson v. St. Charles County, 227 Mo. 220, 126 S.W. 1044, 1047(2); Roaring Fork Potato Growers v. C. C. Clemons Produce Co., supra, 187 S.W. loc. cit. 619(6)] or where waiver appears in the case made by the party against whom it is invoked [Arthur Fels Bond & Mortgage Co. v. Pollock, 347 Mo. 853, 149 S.W.2d 356, 360(6), and cases there cited; W. W. Brown Const. Co. v. MacArthur Bros. Co., 236 Mo. 41, 139 S.W. 104, 106(6); Sidney Weber, Inc., v. Interstate Motor Freight System, Mo.App., 205 S.W.2d 291, 297(4)].

Machine Co. v. Bobbst, 56 Mo.App. 427, 433), that "any assistance rendered" by plaintiff after the first three days of use "shall not extend or revive" the warranty [Boyer v. Neel, supra, 50 Mo.App. loc.cit. 38(2); Murray Co. v. Peacock, 117 S.C. 384, 109 S.E. 121(3)], and that "'(w)hatever parties do or forbear to do * * *, their acts or omissions, to be construed as waivers, must be so manifestly consistent with and indicative of an intention to relinquish the particular right or benefit that no other reasonable explanation of their conduct is possible'" (Sutorius v. Mayor, 350 Mo. 1235, 170 S.W.2d 387, 396, 171 S.W.2d 69), we are inclined to the view that, *even if* waiver had been pleaded in defendant's answer or the issue of waiver had been tried by consent, the evidence fell short of making a submissible case on that issue [McCaskey Register Co. v. Link, Mo.App., 242 S.W.2d 281, 285(3); Kirkland v. John Deere Plow Co., 66 Ga.App. 304, 18 S.E.2d 109, 112(4); annotation 24 A.L.R.2d 717, 730–733].

With respect to Count II which was in replevin for possession of the hay baler, defendant asserts that the verdict for him on that count was authorized, and in fact required, because plaintiff pleaded and submitted but failed to prove that demand had been made upon defendant for possession of the baler, and that, for the same reason, the verdicts on Counts I and II were not "inconsistent and contradictory". Replevin is primarily a possessory action [Rankin v. Wyatt, 335 Mo. 628, 73 S.W.2d 764, 767(8), 94 A.L.R. 941] and the right to possession of the chattel in controversy is the vital issue [Harrington v. Interstate Securities Co., Mo.App., 57 S.W.2d 438, 439]. In the instant case, there is no doubt but that under the chattel mortgage plaintiff was entitled to possession of the baler *unless* defendant established a valid defense to the note secured by the mortgage. Defendant's counsel frankly so admit "that, under the terms of the mortgage, the plaintiff would be entitled to possession of the baler upon * * * default in the note"; and, in defendant's only instruction on Count II, a

verdict for defendant on that count was authorized *only "if you find and believe * * * that the plaintiff is not entitled to recover on Count I."* We think that it necessarily follows that, as the trial court held, the jury verdicts on the two counts were "inconsistent and contradictory."

As will be apparent from the foregoing, we are of the opinion that plaintiff's motion for new trial properly was sustained by the trial court. In view of our discussion of the pleadings and the evidence, we shall not extend this opinion by consideration of other points briefed by able and industrious counsel for both parties, pertaining to alleged errors which, no doubt, will not recur. Plaintiff's appeal (docketed as No. 7234) is dismissed, the order sustaining plaintiff's motion for new trial as to both counts is upon defendant's appeal (docketed as No. 7233) affirmed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

McDOWELL, P. J., concurs.